---

# SUPERIOR COURT.

## CATHARINE E. COREY, by her guardian, &c., agt. FRANCIS MANN.

A complaint for damages, in consequence of injuries received by the plaintiff in falling down by the giving way of a back stoop and stairs, on a certain building owned by the defendant, which alleged that said stoop and stairs were in a bad condition and repair; that the defendant, as owner, was bound to keep the premises, and especially the said stoop and stairs, in good condition and repair, and had neglected and refused to do so; and that in consequence of such neglect and refusal the plaintiff had sustained the injuries (specifying them) complained of, and demanded judgment for $5,000.

*Held*, bad on demurrer, because it appeared from the complaint that the premises were occupied, not by the defendant, but by third persons, and consequently it was upon the tenants, and not upon the defendant as owner and landlord, that the duty of keeping them in repair presumptively rested. Besides, the averment that the defendant was bound to repair, without stating any facts from which the obligation resulted, was plainly insufficient, it being a conclusion of law.

*New-York Special Term*, *Feb.*, 1857.

DEMURRER to the complaint.

The complaint stated that the plaintiff, on or about the 9th of June, received great injuries on her head and back, by the giving way and falling down of a back stoop and stairs, on a

certain building owned by the defendant; that the said stoop and stairs were in a bad condition of repair, and had been provided by the defendant for the access of the residents of the premises to a back yard, and that the plaintiff, as one of those residents, was entitled to their use.

The complaint then averred that the defendant, as owner, was bound to keep the premises, and especially the said stoop and stairs, in good condition and repair, and had neglected and refused to do so; and that, in consequence of such neglect and refusal, the plaintiff had sustained the injuries (specifying them) complained of. Judgment was demanded for $5,000 as damages.

The demurrer was on the ground that the complaint did not state facts sufficient to constitute a cause of action.

G. TERWILLIGER, *for plaintiff.*

T. WESTERVELT, *for defendant.*

DUER, Justice. I am obliged, with some reluctance, to hold that the demurrer is well taken. The averment that the defendant was bound to repair is plainly insufficient. It is the averment of a conclusion of law, and no facts are stated from which the court can say that the obligation to repair resulted.

The complaint, as I construe it, admits that the premises were occupied, not by the defendant, but by third persons, and consequently it was upon them as tenants, and not upon the defendant as owner and landlord, that the duty of keeping them in good condition and repair presumptively rested; and it is not alleged that there was any special agreement by which the relative duties of the parties were altered. Upon this point the decision at general term of this court, in *Howard* agt. *Doolittle*, (3 *Duer Rep.* 464,) is a conclusive authority.

The averment of the defendant's neglect and refusal, as the duty is not shown to have been imposed upon him, is immaterial.

Judgment for defendant, unless plaintiff, within twenty days, serve an amended complaint, and pay costs of demurrer.