No. 7182.

## Hazzard et al. *v.* The Citizens State Bank.

PROMISSORY NOTE.—*Recourse of Endorsee against Endorser for Loss in Suit by Usury.*—Where, in an action by the endorsee against the maker of a promissory note, the latter successfully pleaded usury as to a part thereof, such endorsee may recover from the endorser the loss so sustained.

SAME.—*Notice to Endorser by Endorsee.*—*Demand.*—If, in such action, the endorser is notified of its pendency and of the plea therein, and fails to appear or assist, suit may be maintained against him by the endorsee for the loss sustained in such action against the maker of the note, without giving notice of the result thereof to the endorser, and without making any demand of him to pay such loss.

SAME.—*Pleading.*—*Complaint.*—In such suit against the endorser, the averment in the complaint, that "said note has long since become due and is unpaid," is a sufficient allegation that the amount sued for therein was due and unpaid.

EVIDENCE. —*Instruction to Find for Plaintiff, when Proper.*—Where the evidence clearly makes out a case for the plaintiff, and there is no evidence to contradict it or to establish a defence, it is proper for the court to instruct the jury to find for the plaintiff.

SAME.—*Sufficiency of, to Warrant Court in Directing a Finding.*—See opinion.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy*, for appellants.
*M. E. Forkner*, for appellee.

WORDEN, J.—Robert B. Carr made a promissory note, payable to the order of Hazzard, Murphy & Co., for the

sum of $3,000, and the payees endorsed it to the Citizens State Bank of New Castle, Indiana. The bank sued Carr upon the note, and the latter successfully pleaded usury to a part of the note.

This action was brought by the bank against Hazzard, Murphy & Co. to recover the amount which it failed to recover from Carr on the ground of the usury. The facts, we think, are sufficiently alleged in the complaint, to which a demurrer, for want of sufficient facts, was overruled.

Issues were joined, and the cause was tried by a jury, resulting in a verdict and judgment for the plaintiff against Hazzard and Murphy.

The suit by the bank against Carr was brought in the Henry Circuit Court, as well to obtain a personal judgment against him on the note as to foreclose a mortgage executed by him on certain real estate to secure the payment of it.

It is alleged in the complaint herein, that, in the action against Carr, he pleaded the usury, etc., "upon which issue was thereupon duly joined by the plaintiff; and thereupon the plaintiff notified said defendants of the pendency of said action on said note, and of said plea and the subject-matter thereof, and demanded and requested of them that they appear at the trial of said cause and furnish the evidence with which to defeat said plea, this plaintiff then being wholly ignorant of the facts connected therewith; that the defendants and each of them failed and refused to appear at the trial of said action, or furnish any evidence upon said defence, or to defeat the same," etc.

But it is claimed that the complaint is bad, because "it is not alleged therein that the defendants had any notice or knowledge prior to the bringing of this action of the result of the suit against the maker of the note, or that the collection of said note had been defeated by said Carr in said suit; nor is it averred in said complaint that the plaintiff had demanded of the defendants the payment of said sum, etc.,

before the bringing of this suit ; nor is it alleged in the complaint that said sum was due or unpaid.''

We are not advised that any notice to the defendants of the result of the action against Carr, or any demand upon the defendants before the bringing of this action, was necessary. No authorities are cited to sustain the objection. The defendants were notified of the pendency of the action against Carr, and of the defence pleaded by him, and it seems to us that a notice to them of the result of the action would be superfluous. Nor do we see any necessity for a demand before bringing the action. It is averred that ''said note has long since become due and is unpaid.'' This is sufficient in that respect.

On the trial of the cause, the plaintiff gave in evidence the record of the action against Carr, in which the usury pleaded by him was established by the special finding and judgment of the court. That cause was tried at the February term of the court in the year 1877, but, if the record shows what day of the term, we have overlooked it. A subpoena in the cause, however, was returnable March 2d, 1877, and we may assume that that was the day on which the cause was tried.

The plaintiff, having given the proper notice to produce the original letter sent by D. W. Kinsey to the defendant Murphy, introduced Kinsey as a witness and proved by him as follows : ''Was cashier of Citizens State Bank in February, 1877. This letter is an impression copy of the letter I wrote, made at the time it was written, by a letter press. I put the letter in the office, addressed to W. C. Murphy, in an envelop marked 'return if not called for in 10 days.' I, at that time, knew that Murphy resided at Crown Point, and he has ever since lived there. The copy of the letter was then given in evidence, as follows :

"Citizens State Bank, New Castle, Ind.,
"February 26th, 1877.
" *Wm. C. Murphy, Esq'r, Crown Point:*

"Yours 24th rec'd. Mr. Carr is pleading usury in the note sued on by this bank and assigned to us by Hazzard, Murphy & Co. He is also pleading want of consideration in the original loan. We shall expect you to be present at the trial, and be bound by the decision of the court in said cause. You will please attend to the matter.

"Resp'y, D. W. Kinsey, Cash'r."

Kinsey further testified: "The original letter was written on paper with letter head with the date printed with blanks and not filled; the date was in fact February 6th, 1877, the mail goes direct from New Castle to Crown Point daily; I saw Mr. Hazzard before the trial of this (that) cause; I told him of the answer being filed in the cause by Mr. Carr; he said the answer was untrue; I told him he knew best, and that we would expect him to be present and defend it, and we expected him to be bound by the decision of the court that might be rendered in the case; * * * he lived in New Castle."

It appears from the evidence of Murphy, that he got the letter from Kinsey, and in response wrote to Kinsey to have the case continued, as he could not leave his business. Some of the evidence thus given was objected to by the defendants, but we think it was competent.

The above are the controlling facts in the case, in relation to which there was no conflict in the evidence, and on which the court instructed the jury, in substance, to find for the plaintiff, against Hazzard and Murphy.

We are of opinion, that on the uncontroverted facts shown, the plaintiff was entitled to judgment against Hazzard and Murphy, and that the court did not err in its charge. Both Hazzard and Murphy had reasonable notice before the trial of the case against Carr, of the defence

set up by him, and that the plaintiff expected them to be bound by the judgment. They had an opportunity to resist the claim of usury set up by Carr, and are bound by the judgment rendered in that case. They are, therefore, liable to the plaintiff for that portion of the note which was defeated by Carr on the ground of usury.

Where the evidence clearly makes out a case for the plaintiff, and there is no evidence to contradict it or establish a defence, it is entirely proper for the court to instruct the jury to find for the plaintiff. *Porter* v. *Millard*, 18 Ind. 502; *Steinmetz* v. *Wingate*, 42 Ind. 574; *Dodge* v. *Gaylord*, 53 Ind. 365; *Moss* v. *The Witness Printing Company*, 64 Ind. 125.

The judgment below is affirmed, with costs.