Purcell v. English.

No. 10,134.

PURCELL v. ENGLISH.

PRACTICE.—*Right of Court to Instruct Jury Where There is no Evidence.*—The trial court may withdraw a case from the jury when there is no dispute as to the facts, and no controversy as to the inferences that can be legitimately drawn from them.

SAME.—*Instructions, Where Negligence is the Issue.*—Where there is no dispute as to the facts, and the question of negligence becomes one of law, the court may withdraw the case from the jury.

SAME.—*Rule Where Court Directs Verdict.*—The rule in cases where the court instructs a jury to return a verdict is substantially the same as in cases of demurrer to evidence.

SAME.—Recovery must be on the cause of action declared on; a plaintiff can not declare on one cause of action and recover on another.

LANDLORD AND TENANT.—*Negligence.*—*Personal Injury to Tenant.*—Where a stairway, connected with apartments hired in a tenement house occupied by several tenants, is rendered unsafe by temporary causes, such as the accumulation of snow and ice, the landlord is not liable for damages to a tenant injured thereby, who uses such stairway with knowledge of its dangerous condition, unless there is a contract on the part of the landlord to keep the premises in repair and fit for safe use.

SAME.—*Nudum Pactum.*—*Repairs.*—A promise to repair made after the lease is entered into is a mere *nudum pactum*, and the landlord is not liable for injuries resulting from a failure to make such repairs.

From the Superior Court of Marion County.

*E. C. Buskirk* and *P. W. Bartholomew*, for appellant.

*J. R. Wilson* and *J. L. Wilson*, for appellee.

ELLIOTT, J.—The case made by the appellant's complaint, shortly stated, is this: She was the tenant of the appellee, having leased rooms in an upper story of a building owned by him; the approach to these rooms was by a stairway common to the use of all the tenants of the building; the railing of this stairway had been suffered to get out of repair, and was rotten and loose; the stairway became dangerous and unsafe from ice and snow, which covered the steps; the appellant, in attempting to descend, slipped, and, in falling, grasped the railing, which gave way, and she fell to the pavement and was seriously hurt. It will be observed that the complaint

Purcell *v.* English.

does not allege that the landlord had contracted to repair, but proceeds entirely on the theory that the duty rested upon him independently of contract.

The court, upon the close of the appellant's evidence, directed the jury to return a verdict for the defendant.

The court may, there is no doubt, direct the jury to return a verdict in favor of the defendant, in a proper case. *Washer* v. *Allensville, etc., T. P. Co.,* 81 Ind. 78 ; *Weis* v. *City of Madison,* 75 Ind. 241 (39 Am. R. 135) ; *Hazzard* v. *Citizens State Bank,* 72 Ind. 130 ; *Dodge* v. *Gaylord,* 53 Ind. 365 ; *Pleasants* v. *Fant,* 22 Wal. 116.

When the cause of action declared on is negligence, the court may direct a verdict for the defendant, in cases where the evidence wholly fails to make out a *prima facie* case. It is true that the question of negligence is generally one of mingled law and fact, but there are cases where the question is purely one of law. *Binford* v. *Johnston,* 82 Ind. 426. Where there is no dispute as to the facts, and no controversy as to the inferences that can be legitimately drawn from them, the question is one of law, and the court may rightfully take the case from the jury. 2 Thompson Neg. 1236, 1237 ; Thomp. Charging the Jury, 23 ; *Toomey* v. *London, etc., R. W. Co.,* 3 C. B. (N. S.) 146.

The right of the court to withdraw the case from the jury unquestionably exists in cases where negligence is the issue, as well as in other cases ; but, whatever may be the character of the issue, the case can not be taken from the jury if there are any facts proved from which the jury would, by fair and reasonable inference, be authorized to find for the plaintiff. All reasonable inferences, not, however, forced and violent ones, are to be indulged in favor of the plaintiff in such a case, for the rule is substantially the same as that which obtains in cases where there is a demurrer to the evidence. *Hazzard* v. *Citizens State Bank,* 72 Ind. 130 ; *Steinmetz* v. *Wingate,* 42 Ind. 574 ; *Willcuts* v. *Northwestern, etc., Ins. Co.,* 81 Ind. 300 ; *Fritz* v. *Clark,* 80 Ind. 591.

If the evidence given upon the trial of the cause can, by fair intendment or reasonable inference be deemed to make out the cause of action declared on, then the appellant is entitled to a reversal.

It is not sufficient, even upon a demurrer to the evidence, that the plaintiff make out some cause of action, but it is incumbent upon him to make out the cause of action set forth in his complaint. He can not declare on one cause of action and recover upon another. There is in this complaint no allegation that the appellee had agreed to keep the demised premises in repair, and, even if a contract had been proved, it is doubtful whether the appellant could have been allowed to succeed on the theory that there was a contract. But, waiving this point and going to the evidence, we are clear that no contract was proved. The utmost that can be claimed is that the evidence tends to show a voluntary promise, made after the contract for the letting of the premises had been entered into. This evidence did not establish, nor tend to establish, a contract on the part of the landlord to repair, for it did no more than show a mere gratuitous promise, creating no binding obligation. The rule upon this subject is thus stated in a recent work: "A promise to repair, made after the lease is entered into, is a mere *nudum pactum,* and no liability exists for a failure on his" (the landlord's) "part to make such repairs." Wood Land. & Tenant, sec. 382. *Libbey* v. *Tolford,* 48 Me. 316; *Gill* v. *Middleton,* 105 Mass. 477; S. C., 7 Am. R. 548; *Doupe* v. *Gennin,* 37 How. Pr. 5; S. C., 45 N. Y. 119. The case is, therefore, to be treated as one in which there is no contract on the part of the landlord to repair.

Where there is no duty there can be no actionable negligence. Cooley Torts, 659; 1 Addison Torts, sec. 28; Wharton Neg., sec. 3. In cases of the class to which the present belongs, three of the essential things which the plaintiff is required to establish are, the existence of a duty, that it is owing to him, and that it has not been performed. The material part of the appellant's case could not be made out without

showing a duty owing to her from her landlord to keep the demised premises in repair.

The duty of the landlord to repair does not arise out of the relation of landlord and tenant; on the contrary, the relation devolves that duty upon the tenant. It is only where the landlord contracts to maintain the premises in repair that he is burdened with that duty. The logical conclusion from this principle, and a more firmly settled one. there is not in all the books, is, that a landlord, not under contract to repair, is not, as a general rule, responsible to the tenant for injuries caused by a defective condition of the demised premises.

In a carefully written article in the American Law Review the authorities are reviewed and the rule deduced that there is no warranty, express or implied, as to the condition of demised premises, and that the tenant must determine for himself the safety and fitness of the premises for use and occupancy. 6 Am. Law Rev. 614; Taylor Land. & Ten. (6th ed.) sec. 381. This is the rule adopted by our own cases. *Estep* v. *Estep*, 23 Ind. 114, *vide* authorities cited, p. 116. Ordinarily, therefore, a tenant who leases property takes upon himself all risks except, perhaps, as against latent defects not discoverable by the use of ordinary diligence, and can not recover damages from his landlord because of an omission to make the premises habitable or safe.

Whether a tenant would have a right to abandon the premises if the means of access to them had become unsafe and dangerous, is not here the question. The question here is, whether the tenant, continuing in possession and making use of the premises, can recover damages for personal injuries caused by the unsafe condition of the means of ingress and egress. There are cases, we may remark in passing, holding that even where the landlord covenants to make repairs and fails to do so, the tenant must, where the expense is not great, make them and charge them against the landlord. *Cook* v. *Soule*, 56 N. Y. 420; *Loker* v. *Damon*, 17 Pick. 284; *Miller*

v. *Mariner's Church*, 7 Maine, 51 (20 Am. Dec. 341) ; *Benkard* v. *Babcock*, 2 Rob. (N. Y.) 175.

The duty of the tenant to keep in safe condition for his own use the demised premises extends to all the appurtenances connected therewith, and this includes steps, stairways and other approaches. Whatever passes to the tenant under the lease is, for the term designated, under his control and in his possession. *Pomfret* v. *Ricroft*, 1 Saunders (6th ed.), 321 ; Wood Land. & Ten., sections 216, auth. n., 371, auth. n. If he neglects to make repairs, and suffers the premises to become unsafe, it is clear that, in ordinary cases at least, no action will lie against the landlord for injuries suffered by the tenant and caused by the unsafe condition of the premises arising from the neglect to repair.

It is obvious from this statement of fundamental principles that in cases of an ordinary tenancy the tenant can not maintain an action against the landlord for injuries caused by the neglect to repair the demised premises unless the landlord has expressly covenanted to repair. If the appellant can maintain this action, it must be because her case possesses some elements which carry it out of the general rule.

The only element in this case which can with any plausibility be said to distinguish it from ordinary cases of tenancy is, that the landlord hired out apartments to separate tenants, and that the stairway was the common passage for the use of all. It is difficult to perceive how this fact can exert a controlling influence upon the question of the landlord's liability, for whether the premises are demised to one or to many tenants, the principle upon which rests the landlord's immunity from the burden of repairing is not changed. Nor does it change the effect of the contract by which the premises are demised. As said by a writer already referred to : " For a tenant is at once a bailee and a purchaser. He is a bailee because, his ownership being determinable and not absolute, yet being exclusive while it lasts, he is, by the mere fact of demise, and in the absence of special undertakings to that

effect, charged with a trust to restore the property in substantially the same condition as when he took it." 6 Am. L. Review, 614. It would seem clear on principle, that the landlord's duty is the same whether he demises to one or to many tenants, so far as concerns his liability to a tenant for personal injuries caused by a failure to repair.

In *Humphrey* v. *Wait*, 22 Up. Can. C. P. 580, the plaintiff had hired apartments of the defendant in a building occupied in part by other tenants, and sustained injuries by stepping through a hole in the floor of a common passage way leading to the apartments, and it was held that an action could not be maintained against the landlord, and a nonsuit was directed. In the course of the opinion delivered in that case HAGARTY, C. J., said: " It would be a singular state of the law, if the landlord would not be answerable if he demised the stairway with the upper story, and would be answerable if he only gave a right to use it, as an approach to the part of the house actually demised." In *Gott* v. *Gandy*, 2 E. & Bl. 845, Lord CAMPBELL said: "Now let us see what are the facts alleged. They are these: the defendant was landlord of premises which were let to the plaintiffs from year to year; during the tenancy the premises were in a dangerous state for want of substantial repairs; the defendant had notice from the plaintiffs, and was requested to repair them, and did not do so. * * There is no allegation of any contract to do substantial repairs. It lies therefore on the counsel of the plaintiffs, who are actors, to establish, on authority or on principle, that this obligation results from the relation of landlord and tenant. Mr. Russell can produce no authority in his favor, not even a dictum. And I have heard no legal principle from which it would follow that the landlord was bound to repair the premises." In *Carstairs* v. *Taylor*, L. R., 6 Exch. 216, the doctrine was carried to the extent of holding that there is no liability on the part of the landlord who himself occupied a part of the premises, unless it is shown that he was negligent with respect to the particular act which caused the injury.

The English cases agree in holding that for injuries for a failure to repair no action will lie by the tenant against the landlord. 1 Addison Torts, sec. 240; Smith Land. & Ten. 206; *Robbins* v. *Jones,* 15 C. B. N. S. 221; *Payne* v. *Rogers,* 2 H. Bl. 350.

Turning to the American authorities we find in one of our books this statement of the rule, whether too broad or not we need not stop to enquire: "The liability of the landlord, however, exists only in favor of persons who stand strictly upon their rights as strangers." Shearman & Redf. Neg., sec. 503. Another author says: "An owner being out of possession and not bound to repair, is not liable in this action" (*i. e.* for nuisance), "for injuries received in consequence of his neglect to repair." Whart. Neg., sec. 817. In still another work it is said, in speaking of the landlord's liability: "Nor, in the absence of a covenant to repair, is he liable for injury resulting from the faulty construction or condition of the premises, the control over which is in the hands of a tenant, either to the tenant or third persons." Wood Land. & Ten., sec. 384; 1 Thompson Neg. 323. In *Corey* v. *Mann,* 14 How. Pr. 163, the action was for injuries received from falling down a stairway forming a common passage way, by one tenant occupying part of premises also occupied by other tenants of the same landlord; and it was held that no action could be maintained. The same general principle is declared in the cases of *Howard* v. *Doolittle,* 3 Duer, 464, and *Robbins* v. *Mount,* 33 How. Pr. 24. In *Kaiser* v. *Hirth,* 46 How. Pr. 161, it was held that an owner who occupied a part of the house was not liable for an injury to a visitor to one of his tenants unless it was shown that his, the landlord's, negligence was the cause of the injury, and that the fact that he occupied a part of the premises created no presumption against him. A like doctrine is declared in *Moore* v. *Goedel,* 34 N. Y. 527. The Supreme Court of California held, in the case of *Loupe* v. *Wood,* 51 Cal. 586, that there was no liability on the part of the landlord arising from the defective condition of the walls of a cellar.

Purcell *v.* English.

We have examined the cases cited by the appellant, and do not find any of them in point. The cases in the Georgia reports are not in point, because they are founded upon an express statute making it the duty of the landlord to repair. The cases of *Godley* v. *Hagerty*, 20 Pa. St. 387, and *House* v. *Metcalf*, 27 Conn. 631, were actions by a stranger, and are, therefore, not in point. *Fisher* v. *Thirkell*, 21 Mich. 1 (S. C., 4 Am. R. 422), is against rather than in favor of the appellant. In that case the landlord was held not to be liable to one who suffered an injury by falling through a scuttle in a sidewalk adjoining premises in the possession of a tenant. The other case cited, that of *Shindelbeck* v. *Moon*, 32 Ohio St. 264 (S. C., 30 Am. R. 584), is also against the doctrine maintained by counsel. In that case the injury was occasioned by the accumulation of ice upon steps leading into a store-room owned by the defendant, but occupied by a tenant, and the holding was that the landlord was not liable for injuries sustained by a stranger. In closing the opinion it was said: "And, again, it was the ice that occasioned the accident. It is not averred that it was the duty of the landlord to remove this ice, nor does it appear that he had such control of the premises as called upon him to do it. If this ice was a nuisance to the passing public, endangering their lives and limbs, it was a nuisance arising during the continuance of the lease. It was a thing temporary in its nature, a defective condition of things, such as the tenant was called upon to remedy, and not the landlord, as between landlord and tenant." We have in our investigation found one case which lends support to the general doctrine for which appellant's counsel contend. The case to which we refer is that of *Looney* v. *McLean*, 129 Mass. 33 (S. C., 37 Am. R. 295). In that case the wife of the tenant of a part of a tenement house occupied by several families was injured by the giving way of one of the steps of a stairway leading to the roof of a shed used in common by the tenants for the purpose of drying clothes; and it was held that an action would lie

against the landlord. The question is not discussed, and only cases from Massachusetts are cited, and they do not decide. the point; on the contrary, such of them as apply to the relation of landlord and tenant recognize the rule that the landlord is not liable to the tenant for a failure to repair; two of them do not touch upon the subject of a landlord's liability; one of the two is upon the question of the liability of a railroad company which constructs a passage way across a public street, and the other is upon the same general question. But, conceding the soundness of the ruling in that case, it does not apply to the case at bar, for here the cause of the injury was not the defective construction of the stairway, or its unsafe condition at the time the premises were leased. The stairway here is directly connected with the part of the premises leased to the appellant; in the Massachusetts case it was otherwise. Here the thing which made the stairway unsafe was the temporary covering of snow and ice; while in the Massachusetts case the unsafe condition was permanent, and had long existed.

It is not necessary for us in the present case to lay down any general rule upon the subject of a landlord's liability to a tenant occupying apartments in a tenement house occupied by other tenants. It is sufficient for us to ascertain and state a rule governing cases such as that made by the evidence before us. We are satisfied that the authorities warrant us in adjudging that, where a stairway connected with apartments hired in a tenement house occupied by several tenants is rendered unsafe by temporary causes, such as the accumulation of snow and ice, the landlord is not liable to the tenant who uses such a stairway with full knowledge of its dangerous condition, unless there is a contract on the part of the landlord to keep the premises in repair and fit for safe use. Any other rule would entail upon landlords a grievous and unjust burden, cast upon them a duty which long-settled rules have imposed upon the tenants, and result in imperiling the interests of an owner out of possession and relieve those in possession of his property from that care which the law imposes upon

bailees and others occupying analogous positions. If any other rule is adopted, then the owner is charged with the duty of watching steps leading to every part of the premises, and of keeping them free from all temporary obstructions; for, let it once be granted that the landlord is liable for obstructions or defects not permanent and not growing out of the character of the structure, it will be impossible to draw any line, and he must be held accountable for all obstructions and defects, no matter how transient their character. Whether a landlord hiring apartments to many tenants is liable for latent defects, or for faults in the construction, or for permanent defects in the common passage ways, we do not decide.

The evidence before us shows that the ice and snow made the stairway unsafe, and caused the accident. But for the ice and snow, which the tenant could have removed with very little labor, or at a trifling expense, the appellant could have used the stairway in perfect safety. We are satisfied that the court below was right in holding that the cause of the accident was the accumulation of ice and snow upon the stairway, and that, for an injury resulting from such a cause, a landlord who had made no covenant to repair is not liable.

Judgment affirmed.