STIDD. *v.* DIETZ.

[No. 19,673. Filed September 25, 1963.]

*C. Richard Fulmer, Fulmer & Burris* of counsel, of Indianapolis, *George R. Tolen, Jr.* of Shelbyville and *David Rogers* of Bloomington, for appellant.

*Steers, Klee, Jay & Sullivan, Arthur J. Sullivan, David L. Millen,* all of Indianapolis and *H. Harold Soshnick* of Shelbyville, for appellee.

CLEMENTS, J.—This is an appeal from a judgment of the Shelby Circuit Court rendered upon a verdict denying plaintiff-appellant, Peggy Stidd, relief in an action for damages for personal injuries resulting from a collision between automobiles operated by plaintiff-appellant and the defendant-appellee, David C. Dietz.

Plaintiff-appellant was injured in an automobile collision at the intersection of Rogers and Second Streets in the City of Bloomington, Indiana, on May 16, 1958.

On September 2, 1959, plaintiff-appellant was working in an office at Indiana University when she slipped on a stairway injuring her head and neck.

Appellant's sole assignment of error to this court is the overruling of her motion for a new trial.

By her brief appellant has presented in this appeal

Specifications Nos. 1, 2, 3, 4, 16, 18, 19 and 20 of her motion for a new trial.

The first question for review is that the verdict of the jury is not sustained by sufficient evidence. The verdict and judgment were against the appellant, and a negative judgment may not be attacked by appellant on the ground that there is a lack of evidence to sustain it. *Carey* v. *Carey* (1961), 132 Ind. App. 30, 33, 171 N. E. 2d 487, 489, (Transfer denied); *Smith Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 521, 60 N. E. 2d 157.

Appellant, by her Specification No. 2, states that the verdict of the jury is contrary to law. If there is evidence tending to support the finding of the jury upon material questions in issue this court will not weigh the evidence or reverse the judgment on the weight of the testimony. *Bailey* v. *Washington Theatre Co.* (1942), 112 Ind. App. 336, 343, 41 N. E. 2d 819 (Transfer denied); *Norman* v. *Norman* (1960), 131 Ind. App. 67, 77, 169 N. E. 2d 414.

The decision of the trial court will be set aside as contrary to law only if the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Hinds, Executor, etc.* v. *McNair et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553.

The Constitution of Indiana, Article 1, §20, provides:

"In all civil cases, the right of trial by jury shall remain inviolate."

Under this constitutional provision a court of appeal cannot weigh the evidence and substitute its finding of fact for the facts as found by the jury.

From an examination of the evidence it does not conclusively appear that the jury rendered a verdict which was contrary to a single conclusion to which the plaintiff-appellant was entitled and denied. *Heeter* v. *Fleming* (1946), 116 Ind. App. 644, 647, 67 N. E. 2d 317.

The third specification of the motion for a new trial claims reversible error because appellant was not permitted to read the conditional examination of the defendant-appellee at a time during the trial when the defendant-appellee was present in court and could have been called and examined as a witness.

Acts 1935, ch. 301, §1, p. 1476, being §2-1728, Burns' 1946 Replacement, provides that a party may be examined as a witness conditionally. Also, Acts 1881 (Spec. Sess.), ch. 38, §348, p. 240, being §2-1730, Burns' 1946 Replacement, provides "the examination shall be taken and filed as a deposition in the cause, and may be read by the party taking it, at his option; . . . ."

Here, the General Assembly has attempted to legislate procedure to be followed in civil cases.

In *State ex rel. Blood et al.* v. *Gibson Circuit Ct.* (1959), 239 Ind. 394, at page 400, 157 N. E. 2d 475, the Supreme Court of Indiana said:

"In order to remove any conflict which would inevitably result from both the Legislature and the Supreme Court promulgating rules of procedure, and to fix responsibility therefor exclusively in the Supreme Court, the Legislature enacted §1, ch. 91, of the Acts of 1937, being §2-4718, Burns' 1946 Replacement, which provides, in pertinent part, as follows:

" 'The Supreme Court shall have the power to adopt, amend and rescind rules of court which shall govern and control practice and procedure in all the courts of this state; such rules to be promulgated and to take effect under such rules as the Supreme Court shall

adopt, and thereafter all laws in conflict therewith shall be of no further force or effect.' "
See also: *State ex rel. Cox* v. *Sup. Ct. of Marion Co. et al.* (1954), 233 Ind. 531, 533, 121 N. E. 2d 881.

The Supreme Court of this State has guided us for years under the "Best Evidence Rule." 12 I. L. E., Evidence, §81, pp. 512, 513.

At the time the appellant offered to read the conditional examination of appellee, the appellee was present in court and available as a witness. The best evidence rule would indicate that the witness be called to the stand and testify in the presence of and under the observation of the court and jury. Had the witness been called, the conditional examination, filed as a deposition, could have been used for the purpose of impeachment. The statute provides the conditional examination may be read at the option of the party taking it. Section 2-1730, *supra.*

There is some question as to what "conditional" means, or when the option may be exercised. We are unwilling to say that where, as in this case, the trial court followed the best evidence rule and refused to permit the appellant, at her option, to read the conditional examination at a time in the trial when the witness was present and available to testify in the presence of the court and jury, that this was reversible error. 12 I. L. E., Evidence, §81, pp. 512, 513, *supra.*

In Specification No. 4 of the motion for a new trial, plaintiff-appellant objects because the court sustained an objection to a question propounded to defendant-appellee whether or not at a time prior to the collision he (defendant) was struck by a car from the rear. The amended complaint on which the

case was tried alleges that the acts of the defendant-appellee, designated as acts "A" to "I," inclusive, were the proximate cause of plaintiff-appellant's injuries. There is no issue made as to an intervening cause by a third party and, therefore, no error was made by the ruling of the trial court.

In Specification No. 20 of the motion for new trial, appellant alleges that the trial court erred in refusing to permit appellant's witness, Dr. James Ross, upon objection of defendant-appellee, to give an opinion as to whether or not the injuries sustained September 2, 1959, were an aggravation of appellant's condition which was caused by the automobile collision of May 16, 1958. No offer to prove was made; *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277; and for further reasons which are shown later in this opinion, the question was irrelevant.

Appellee, in his brief, states that the statement of the record presenting the objections relied upon made by the appellant is correct. Appellant in her statement of the record recites that the following instructions were all the instructions tendered by both parties and given by the court, that were material to the issues complained of in the motion for a new trial. Rule 2-17 of the Supreme Court. Appellant claimed that error was committed in the court's refusal to give her tendered Instructions Nos. 2, 3 and 4, and that the court committed error in giving appellee's Instructions Nos. 16, 18 and 19. Appellant's Instructions Nos. 2, 3 and 4 treated the legal principle that if appellant were injured by the negligence of appellee, and later, without negligence on her part, she suffered a subsequent injury which likely and naturally flowed from the original injury, she could recover on both injuries.

The record shows that the appellant was injured in a collision with appellee on May 16, 1958. On September 2, 1959, while appellant was employed as a secretary at Indiana University, she slipped on a stairway, jerked her neck and suffered the same type of pain as originally suffered. The appellant filed her amended complaint on which the case was tried on December 2, 1959. The amended complaint contains no reference to her injury of September 2, 1959.

No issue was formed by the pleadings which raised the question of whether or not any of the acts of negligence allegedly committed by appellee on May 16, 1958, proximately caused or contributed to appellant's mishap of September 2, 1959, and the subsequent aggravation of her injuries.

The trial court did not err in refusing to give appellant's Instructions Nos. 2, 3 and 4.

No question is presented to this court in reference to the giving of appellee's Instructions Nos. 16, 18 and 19, for the reason that the record before us fails to show that appellant stated her specific objections to each of these instructions before argument as required by Rule 1-7 of the Supreme Court of Indiana.

From a consideration of all the instructions given in this cause it appears that the jury was properly instructed on the law applicable to the facts in issue, and that the merits of the cause have been fairly tried and determined by the jury in the court below. *Vance* v. *Wells* (1959), 129 Ind. App. 659, 159 N. E. 2d 586; Acts 1881 (Spec. Sess.), ch. 38, §659, p. 240, being §2-3231, Burns' 1946 Replacement; Acts 1881 (Spec. Sess.), ch. 38, §137, p. 240, being §2-1071, Burns' 1946 Replacement.

157

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Carson, P. J., and Cooper, J., concur; Ryan, J., concurs in result.

NOTE.—Reported in 192 N. E. 2d 651.