COLEMAN ET UX. *v.* DEMOSS.

[No. 20,244. Filed April 21, 1969. Rehearing denied May 21, 1969.]

410

*McCray, Clark, Statham & McCray,* of Evansville, for appellants.

*Ralph M. Koehne, John D. Clouse,* of Evansville, and *Loren McGregor,* of Princeton, for appellee.

CARSON, J.—This action was initiated by appellee, Marvin L. DeMoss, against appellants, Harry and Vieno M. Coleman, to recover damages for medical expenses and loss of services of his wife due to personal injuries allegedly sustained as the result of a fall on property owned by defendant-appellants.

The cause was filed in the Vanderburgh Probate Court and was venued to the Gibson Circuit Court, where it was tried by jury which returned a verdict for Fifteen Thousand dollars.

Defendant-appellants demurred to Paragraphs I and II of plaintiff-appellee's third amended complaint. The court sustained the demurrer to Paragraph II and overruled the demurrer to Paragraph I. It is averred in Paragraph I of appellee's complaint; that the appellants owned certain real estate situated at 4406 East Morgan Avenue, Evansville, Indiana; that upon said real estate, located some 125 feet to the rear of appellants' residence, is a frame bungalow; that entrance to and exit from said bungalow was had by passing from Morgan Avenue and across appellants' residential premises.

It is further alleged; that appellee and his wife, pursuant to an oral agreement between appellee and appellants, began occupying the bungalow in exchange for appellee's personal

services as a yard man and payment of Fifteen ($15.00) Dollars per month, cash; that shortly after appellee and his wife moved into the bungalow, appellants directed appellee to drive appellee's auto from Morgan Avenue along the west side of an open field, to a place parallel to, and about 65 feet east, of the bungalow; that appellants owned and exercised absolute control of said open field which was separated and set apart from the bungalow by an open ditch and ridge of dirt; that after parking their car in said open field, as directed by appellants, appellee and his wife were required to ascend the ridge of dirt and cross the ditch in reaching the bungalow.

On August 9, 1959, as appellee's wife was crossing the ditch, she slipped upon the ridge of dirt, fell into the ditch and was injured. Appellee averred several acts of negligence to which appellants filed answer in denial under Rule 1-3 of the Rules of the Supreme Court of Indiana. In their answer, appellants allege affirmative defenses of contributory negligence and incurred risk. Appellee filed a denial of appellants' asserted affirmative defenses. During trial, appellee's complaint was further amended so that all allegations of negligence were withdrawn from consideration of the jury, except the allegations of failure to fill, cover, remove, bridge or provide a walkway or handrail over said open ditch and ridge of dirt and that appellants failed to exercise reasonable care to keep and maintain the passageway in a fit and reasonably safe condition for the use of appellees.

Subsequent to return of the jury's verdict in favor of appellee for Fifteen Thousand ($15,000.00) Dollars, the court entered consistent judgment. Defendant-appellants appealed to this court, assigning as error:

"1. That the Court erred in overruling Appellants' motion for new trial.

"2. That the Court erred in overruling the demurrer of Appellants to the 1st paragraph of Appellee's third amended complaint.

"WHEREFORE, the Appellants pray that the judgment rendered herein be reversed and that the Appellants be granted a new trial, and for such other relief as the Appellants may be entitled to."

Appellee assigns five cross-errors and prays that the judgment of the Gibson Circuit Court, be affirmed and not reversed. Appellants' motion for a new trial contains forty-five specifications of error. As Specification Nos. 3, 20, 23, 27, 28, 30, 34, 37, 40, 42, 43 and 44 are not argued by appellants, the same are waived. Rules of the Supreme Court of Indiana, Rule 2-17.

The initial portion of appellants' argument is premised upon assigned error No. 2, that the trial court erred in over-ruling appellants' demurrer to paragraph one of appellee's complaint. Appellants contend that the complaint fails to state facts sufficient to allege a *duty* flowing from defendant-appellants to plaintiff-appellee. Appellants argue the lack of a duty under a "master-servant," "landlord-tenant" or "invitee" theory of law. The case below was tried on a "landlord-tenant" theory and in light of the facts, properly so. Appellants assert that the doctrine of *caveat emptor* applies to the rental of real property. In support of the proposition, appellants cite: *Purcell v. English* (1882), 86 Ind. 34; *Franklin Fire Insurance Co. v. Noll et al.* (1945), 115 Ind. App. 289, 58 N. E. 2d 947; and, *Hamilton et al., Executors v. Feary* (1893), 8 Ind. App. 615, 35 N. E. 48.

The *Noll* decision is no authority for the proposition advanced by appellants. In that case, a clause in the written lease, specifically absolved the landlord of liability in circumstances dissimilar to those at bar.

Our Supreme Court, in *Purcell, supra,* was quite explicit in limiting their decision to the immediate facts presented. At page 42 of volume 86, Indiana Reports, the court stated:

"We are satisfied that the authorities warrant us in adjudging that, where a stairway connected with apartments hired

in a tenement house occupied by several tenants is rendered unsafe by temporary causes, such as the accumulation of snow and ice, the landlord is not liable to the tenant who uses such a stairway with full knowledge of its dangerous condition, unless there is a contract on the part of the landlord to keep the premises in repair and fit for safe use."

And, at page 43:

"Whether a landlord hiring apartments to many tenants is liable for latent defects, or for faults in the construction, or for permanent defects in the common passage ways, we do not decide."

The Supreme Court, in *Purcell, supra,* appeared to place great weight upon the fact that the defect was of a temporary and transient nature and indicated a divergence of opinion had the defect been permanent. It should also be noted that in the *Purcell* case, the defect was located on the demised premises. Appellant has not demonstrated wherein the facts at bar fall so squarely within the limited scope of *Purcell, supra,* that it could be held as a matter of law that appellee has failed to state facts sufficient to allege a *duty.*

In *Hamilton et al., Executors v. Feary, supra,* this court was confronted with a case in which a tenant was injured when she fell into an open cistern located on the demised premises. This court reversed the trial court's action in overruling the defendant-appellant's demurrer to the plaintiff-appellee's complaint. In so doing, however, this court stated, at pages 624 and 625, the following:

"To determine whether or not there was actionable negligence, it must first be ascertained what, if any, duty the appellant owed to the appellee and the manner in which the appellant failed to discharge such duty. The duties owing by a landlord to his tenant are various, but they are limited. The landlord does not insure the safety of the premises, nor does he impliedly warrant them to be inhabitable or fit for certain uses, and, as a general rule, the tenant, under the maxim *caveat emptor,* assumes all the risks incident to the occupancy, having complete control and dom-

inion over the premises. To this general rule there are, however, several exceptions. . . . the landlord is answerable where he controls or retains possession of a portion of the premises, or a portion is used in common by two or more tenants, and an injury occurs through some negligence or fault of the landlord upon that portion over which he has the control or which is used in common. . . . The liability of the lessor in these, and perhaps other instances, arises from the principle that he owes the lessee a duty, and if, by the lessor's failure or negligence to discharge such duty, and without any contributing fault of the lessee, the latter sustains injury, a right of action arises in favor of lessee or tenant, for the damages sustained."

We would note that there arises a duty in the landlord to keep and maintain in a reasonably safe condition those areas of which he retains control. See also: *La Plante v. La Zear* (1903), 31 Ind. App. 433, at 437, 68 N. E. 312, at 313, wherein this court stated:

"And so the landlord is answerable where he controls or retains possession of a portion of the premises, or a portion is used in common by two or more tenants, and an injury occurs through some negligence or fault of the landlord upon that portion over which he has the control or which is used in common."

Contrary to appellants' contention, the duty of the landlord, once it is established, remains the same, whether the premises are occupied by one or many tenants. *Purcell v. English, supra.*

Appellee's first paragraph of complaint alleges:

"That at all times herein mentioned, said passageway remained under the exclusive control and domain of said defendants."

Appellants assert that the above allegation constitutes a mere conclusion and when the complaint had been first tested by a motion to make more specific which was overruled, the complaint stood alone upon the conclusion, unsupported by inferences, when subsequently tested

by demurrer for want of facts. Appellants cite in support thereof, *Pier v. Schultz* (1961), 243 Ind. 200, 182 N. E. 2d 255. An examination of that case and of *Deming Hotel Co. v. Prox* (1968), 142 Ind. App. 603, 236 N. E. 2d 613, 14 Ind. Dec. 214; reveals that the rule stated by appellant is only applicable where the motion to make more specific was meritorious. Section 1, ch. 62, Acts of 1915; being Burns' Ann. Stats., § 2-1005; requires that a motion to make more specific set out exactly wherein the pleading to which it is directed, is insufficient. A review of appellants' motion filed below reveals that it fails to request that plaintiff-appellee set out facts sustaining the above conclusion. The motion to make more specific was not meritorious and the complaint, when subsequently tested by demurrer for want of facts was sustainable by all reasonable inferences which might be drawn from the conclusions stated therein.

We conclude that the complaint states facts sufficient to show a *duty* owing from appellants to appellee. As another ground for demurrer appellants assert that the complaint fails to state sufficient facts showing negligence on the part of appellants. As heretofore alluded to, it is alleged that appellants failed to fill, cover, remove, bridge or provide a walkway or handrail over said open ditch and ridge of dirt and that appellants failed to exercise reasonable care to keep and maintain the passageway in a fit and reasonably safe condition for the use of appellee and his wife. Such is a sufficient allegation of negligence.

Appellants further urged in their demurrer that the complaint showed upon its face, that appellee and his wife incurred or assumed the risk. It is averred in appellee's complaint that shortly after appellee and his wife began occupancy of the bungalow, the defendant-appellants *"ordered and directed"* appellee and his wife to park in said field. There is no allegation to be found in the complaint that the appellee and his wife consented to, or, in any way agreed to, the subsequent change of conditions.

The Indiana cases are not explicitly clear in distinguishing and comparing the doctrines of "assumption of risk" and "incurred risk". However, it appears that for one to either "assume" or "incur" a risk, it is required that there be some knowledge and understanding of the risk involved and that the one who "incurs" or "assumes" the risk, does so voluntarily. The doctrines are distinguished on the basis that "assumption of risk" only arises in the context of a contractual relationship, while "incurred risk" requires no contractual undertaking. *Indiana Natural Gas and Oil Co. v. O'Brien* (1903), 160 Ind. 266, 65 N. E. 918; *Stallings v. Dick* (1965), 139 Ind. App. 118, 210 N. E. 2d 82 (Transfer denied, June 9, 1966).

The words "ordered and directed" as appear in the allegations of appellee's complaint, mandate only the inference that the change of conditions was not by consent of the appellee and his wife, neither do those words lead to the sole conclusion that it evolved from an agreement between the parties and hence constituted the voluntary action of appellee and his wife. For this reason, we do not feel that the doctrine of "assumption of risk" will apply to preclude appellee's recovery.

In relation to appellants' contention that appellee and his wife incurred the risk of crossing the ditch as a matter of law, we cannot so hold. Although we have stated that the facts alleged in the complaint do not warrant the application of the doctrine of "assumption of risk", appellants would urge that appellee and his wife, having crossed the ditch over a period of several months, incurred any inherent risk, as a matter of law.

We do not pass upon the efficacy of appellee's right to vacate the premises upon the theory of constructive eviction, neither are we prepared to hold that as a matter of law, it was incumbent upon appellee and his wife to vacate said premises, under the circumstances, to

avoid the incurrence of risk. Public policy favors more established and acceptable means of eviction.

We therefore conclude that the trial court committed no error in overruling the appellants' demurrer to appellee's complaint.

The second portion of the appellants' argument is based upon specifications of error, that; the verdict of the jury is not sustained by sufficient evidence; the verdict is contrary to law; the trial court erred in refusing to give a peremptory instruction directing the verdict for defendants at the conclusion of plaintiff-appellee's evidence and at the conclusion of all the evidence; and, the trial court erred in refusing to withdraw certain allegations of plaintiff-appellee's complaint from consideration of the jury.

The record of this cause contains conflicting evidence upon every major issue. In passing upon the sufficiency of the evidence, we may only consider that evidence most favorable to the jury's verdict. *Jones v. State of Indiana* (1964), 244 Ind. 682, 195 N. E. 2d 460; *Shutt v. State of Indiana* (1954), 233 Ind. 169, 117 N. E. 2d 892; and, *Mobley et al. v. State of Indiana* (1949), 277 Ind. 335, 85 N. E. 2d 489.

In our opinion, appellants have failed o demonstrate wherein reasonable minded men could not have reached a verdict such as that rendered below. We conclude that a review of the record reveals sufficient evidence of probative value to support the jury's verdict.

Appellants maintain that the verdict is contrary to law. As we have stated, *supra,* the evidence appears conflicting and it is only where the evidence is without conflict and leads to but one conclusion, which conclusion is opposite to that reached by the jury, that a verdict will be set aside as contrary to law. *Pokraka v. Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Hinds, Executor,*

*etc. v. McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553; and, *Stidd v. Dietz* (1963), 135 Ind. App. 149, 192 N. E. 2d 651.

The evidence appearing of record does not lead to but one conclusion which is opposite to that reached below and the same, we conclude, is not contrary to law.

Appellants further predicate error upon the trial court's refusal to direct a verdict for defendant-appellants. As stated by this court in *Slinkard v. Babb, Wilson* (1954), 125 Ind. App. 76, at page 80, 105 N. E. 2d 342, 112 N. E. 2d 876, at page 878, 233 Ind. 633, 122 N. E. 2d 463 (transfer denied) :

> "It is well settled that the trial court may, and it is its duty upon proper request, to direct a verdict for the defendant in cases where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more facts essential to the plaintiff's right of action.
>
> . . .
>
> "The foregoing rule only applies where it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed and where the only possible inference to be drawn therefrom is favorable to the party asking the instruction."

Followed in *Pennsylvania Railroad Company et al. v. Mink* (1966), 138 Ind. App. 311, 212 N. E. 2d 784.

Upon review of the record, we are of the opinion that the evidence adduced at trial supported by all reasonable inferences which could have been deduced therefrom, in favor of plaintiff-appellee, constituted sufficient proof of the material allegations of plaintiff-appellee's complaint and that the trial court did not err in its ultimate decision to submit the cause to a jury.

As heretofore pointed out, the plaintiff-appellee's amended complaint removed all averred acts of negligence except the

allegations of failure to fill, cover, remove, bridge or provide a walkway or handrail over said open ditch and ridge of dirt and appellants' failure to exercise reasonable care to keep and maintain the passageway in a fit and reasonably safe condition for the use of appellee. These remaining acts of negligence alleged, were proper under the circumstances and proof thereof was requisite to plaintiff-appellee's recovery and appellants' motion to strike these remaining allegations was properly overruled.

Although the appellants' argument on the point lacks cogency, it appears that the appellants are asserting that they were entitled to a directed verdict by virtue of the fact that appellee and his wife had incurred any risk inherent in crossing the ditch, which is to say, as a matter of law. As we have previously stated, we are not prepared to so hold, under the circumstances, for policy reasons. Neither are we inclined to do so under established legal principles.

We call attention to the language of this court in the "guest case" of *Pierce v. Clemens* (1943), 113 Ind. App. 65, at 77, 46 N. E. 2d 836, at 841, wherein it was stated:

"Where the evidence on the question of assumed or incurred risk presents an issue of fact, that issue is for the jury, but where there is no real dispute in the evidence bearing on that question, it is for the court to say as a matter of law that the plaintiff assumed or incurred that risk."

In the case of *Ridgway v. Yenny* (1944), 223 Ind. 16, at 22, 57 N. E. 2d 581, our Supreme Court in passing upon another "guest case", which fact does not serve to limit the general principles enunciated therein, stated the following:

"It is contended that the evidence discloses that the guests assumed the risk, or, as it is sometimes said, incurred the risk. In so far as the facts at bar require, the doctrine referred to may be stated as follows: 'One who knows of a danger arising from the act or omission of another and understands the risk therefrom,

and voluntarily exposes himself to it, is precluded from recovering for an injury which results from the exposure.' (Authorities omitted) The incurring of the risk must be really voluntary. If the continued exposure to a known risk of injury is due to a lack of reasonable opportunity to escape after the danger is appreciated, or if continuance of exposure to the danger is the result of influence, circumstances, or surroundings, which are a real inducement to continue, the doctrine does not apply, since the exposure is not in a true sense voluntary. (Authority omitted) The burden of establishing the assumption of the risk is upon the defendant. There is no controversy concerning these principles, but much contention as to their proper application to the facts. But we think that the question was properly submitted to the jury and that the decision of the jury must stand. If it be assumed that the guests had knowledge that the danger would continue, there is still to be considered the question of whether there was a reasonable opportunity to abandon the journey and avoid the dangers; whether reasonable minds might differ upon the advisability of taking the risk involved rather than be subjected to other, perhaps equal or greater, dangers."

The evidence at bar in a light most favorable to plaintiff-appellee, reveals that appellee and his wife were directed to use the field as a parking area and their subsequent actions in so doing lacked the "voluntariness" referred to in *Ridgway, supra.* The evidence does reveal that there still existed two means of reaching the bungalow after parking in the field. One was to cross the ditch and to the bungalow, a distance of some sixty (60) to seventy-five (75) feet. The other means of reaching the bungalow, was to park in the wheat field, where appellee and his wife were directed to park, to walk back to Morgan Avenue and up through the appellants' residential premises to the bungalow, a distance of some six hundred (600) to seven hundred (700) feet. The record reveals evidence of some inherent dangers in the latter manner of ingress (egress), in that Morgan Avenue was fairly well traveled.

Admittedly, though it cannot be said that appellee and his wife did not assume the risk, as was discussed, *supra,*

it can be contended that with knowledge of the defect and their voluntary persistence to cross the ditch for a period of months, appellee and his wife may have incurred the risk. However, under the evidence of record there appears the issues of whether the dangers of the ditch were so glaring that a reasonably prudent man should have abandoned the premises to keep from encountering them and whether no reasonable man would have made the decision to cross the ditch under the circumstances. These were proper issues for the jury and they absolved those issues in favor of appellee. We will not substitute our judgment for theirs. Therefore, we conclude that appellants were not entitled to a directed verdict nor can it be said that the verdict entered, was contrary to law.

Appellants contend that appellee's wife was contributorily negligent as a matter of law and that therefore appellants were entitled to a directed verdict by virtue thereof. The evidence reveals that at the time of appellee's wife's injury, she was attempting to cross the ditch with both arms full and while wearing "thongs", a rubber sandal. There is evidence that appellee's wife had also occasioned a back ailment previous to the time of the accident. Appellants further assert that appellee could have let his wife out of the car at Morgan Avenue and she could have walked back to the bungalow through the appellants' residential premises, some three hundred (300) to three hundred and fifty (350) feet, which appellants maintain would have been safer. This court, in *Stallings et al. v. Dick, supra,* stated the rule in relation to "contributory negligence" to be as follows:

"The prevailing Indiana rule is that contributory negligence is generally a question of fact for the jury to determine where the facts are such as to be subject to more than one reasonable inference. However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one of law. *Pittsburgh, etc., R. Co. v. Spencer* (1884), 98 Ind. 186; *Jenney Electric Mfg. Co. v. Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424.

"The Supreme and Appellate Courts have many times recognized the test for 'negligence as a matter of law' to be that negligence which is so clear and palpable that no verdict could make it otherwise. *Town of Albion v. Hetrick* (1883), 90 Ind. 545, 547; *New York, etc., R. Co. v. Hamlin* (1908), 170 Ind. 20, 39, 83 N. E. 343; *Town of New Castle v. Grubbs* (1908), 171 Ind. 482, 496, 86 N. E. 757; *Jenney Electric Mfg. Co. v. Flannery, supra.* "In applying this test both the Supreme and Appellate Courts have adopted the rule that the voluntary conduct of one exposing himself to dangers which are so obvious, imminent and glaring that no reasonable man exercising due care for his safety would have hazarded them is negligence as a matter of law. *Chicago, etc., R. Co. v. Gallion* (1907), 39 Ind. App. 604, 80 N. E. 547; *New York, etc., R. Co. v. Hamlin, supra; Brazil Block Coal Company v. Hoodlet* (1891), 129 Ind. 327, 27 N. E. 741."

A "reasonable man", it may be safely said, is not one who traverses the face of this earth with some type of miraculous empathy into the affairs and nature of man and things and who is infallible to the frailties of human perception and reasoning. He is a man which the law has created as a standard and is constructed by the court or jury, from the facts of each case. The inquiry becomes: Under the facts and circumstances presented by the case, did the defendant in question act as a "reasonable man"? If it can be safely said that *no* "reasonable man" would have acted as did the defendant in question, under the circumstances, the question of "contributory negligence" becomes one of law for the court. However, where there is some doubt as to whether a "reasonable man" would have conducted himself under the circumstances as did the defendant, the question becomes one for the jury. The latter, we consider the case at bar.

Appellants' next urge error in giving some of plaintiff-appellee's tendered instructions and refusal to give some of defendant-appellants' tendered instructions.

It appears from an examination of the appellants' brief, that appellants tendered forty-nine instructions and that the

court gave thirty-one of the instructions. The appellee tendered twenty-six instructions, seventeen of which were given by the court and to nine of which the appellants objected. A careful review of the instructions not given, as well as those that were given, lead us to the conclusion that the appellants' instructions which were not given by the court, were substantially covered by those that were given and that the refusal therefore did not constitute reversible error.

The appellants' objections to plaintiff's Instructions Nos. 1, 6, 9, 16 and 26, are based primarily on the contention that these instructions were mandatory. With this, we cannot agree, the instructions were not mandatory in form nor would they have led the jury to believe that they were mandatory in substance. In reviewing objections to Instructions Nos. 11 and 12, we cannot agree with the appellee that these instructions were misleading. Instruction No. 12, shows that the pleadings were read to the jury and that, therefore, the issues covered by Instructions Nos. 11 and 12, covered the issues which were before the jury. This same conclusion also applies to Instruction No. 13. We do agree with the appellants that Instruction No. 14 is not well-worded, but it certainly is not misleading. An examination of Instruction No. 26, shows that it left the question of damages to the jury and that all of the elements of damages which could be inferred from the evidence were covered by this instruction.

Appellants' Instructions Nos. 29, 31 and 32, adequately covered any inference of contributory negligence or incurred risk. We conclude that the jury was fully and fairly instructed.

Finally, appellants maintain error in the admission of certain evidence relating to appellee's wife's medical expenses.

The objections raised by the appellants should have been sustained and the bills limited to those elements of expense

directly attributable to the injuries proximately caused by the defendant's negligence. However, we think the instructions given by the court adequately charged the jury with its responsibility in weighing this evidence and the error, therefore, if any, was harmless.

For the foregoing reasons, we conclude that the judgment of the Gibson Circuit Court, should be affirmed. As a result of this disposition of the cause, those cross-errors assigned by appellee are rendered moot and it is not necessary to discuss them.

Judgment affirmed. The costs are taxed against the appellants.

Lowdermilk, P.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 246 N. E. 2d 483.