WEISS *v.* CITY OF SOUTH BEND ET AL.

[No. 17,622. Filed October 10, 1947. Rehearing denied December 10, 1947. Transfer denied February 3, 1948.]

*Doran and Manion, Clarence Manion, Charles M. Boynton and M. Edward Doran,* all of South Bend, attorneys for appellant.

*Farabaugh, Pittingill, Chapleau* and *Roper,* all of South Bend, *James A. Roper,* of Counsel, attorneys for appellees.

FLANAGAN, J.—Appellant appeals from a judgment awarding appellees possession of certain business property in the city of South Bend, Indiana. In the trial court appellant contended that his tenancy was to run until the happening of a certain contingency, while appellees contended that the tenancy was from month to month. This was the only point in controversy.

The court made a special finding of facts to the effect that the tenancy was for an indefinite period and entered thereon conclusions of law for appellees and to the effect that the tenancy was from month to month.

Appellant says there is no evidence to support the finding that the tenancy was for an indefinite period.

He points out that the evidence of appellees' witnesses was that the property was leased from month to month and insists that this means a periodic tenancy of one month to endure for subsequent successive periods of the same length unless properly terminated. Thus he reasons that such testimony could not support a finding of a tenancy for an indefinite period.

All tenancies from month to month are the same. They are all for successive periods of one month each until properly terminated. But they are created in two different ways. The parties may agree definitely that the tenant shall occupy the property for successive periods of one month each. Or the parties may simply enter into a general tenancy agreement. In the later case the law steps in and makes the tenancy for successive periods of one month each. § 3-1615, Burns' 1933.

So when a witness testifies that a tenancy is from month to month he may mean that the parties have entered into an agreement for successive monthly periods or he may mean that the parties have entered into a general tenancy. In the present case the trial court chose to interpret the testimony to the effect that a general tenancy had been created. An examination of the evidence discloses that it was completely justified in so doing.

Appellees' complaint alleged a tenancy from month to month and the evidence was ample to prove such a tenancy.

The finding is that the agreement was for an indefinite tenancy and on such finding the court concluded as a matter of law that the tenancy was from month to month. We find no reversible error in the record.

Judgment affirmed.

NOTE.—Reported in 74 N. E. 2d 925.