**Donna CHILDRESS,
Plaintiff–Appellant,**

v.

**Carl E. BOWSER, Jr.,
Defendant–Appellee.**

**No. 41A01–8801–CV–7.**

Court of Appeals of Indiana,
First District.

Aug. 15, 1988.
Rehearing Denied Oct. 7, 1988.

Gary A. Schiffli, Joan M. Ligocki, Kroger, Gardis & Regas, Indianapolis, for plaintiff-appellant.

C. Dickson Faires, Jr., Frederick D. Emhardt, Miller, Faires, Hebert, & Woddell, P.C., Indianapolis, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Donna Childress (Donna), appeals the Johnson Circuit Court's granting of summary judgment for defendant-appellee, Carl E. Bowser, Jr. (Bowser), in her suit for personal injuries.

We reverse.

## STATEMENT OF THE FACTS

For the purposes of the motion for summary judgment and this appeal, Bowser accepts as true all facts alleged by Donna. Those facts are as follows. In March of 1985 Donna, along with her husband, Richard Childress (Richard), and their four children rented a house from Bowser. An oral month-to-month lease was entered into between the parties for the sum of $250 per month. During discussions between the parties concerning the lease, Bowser told Richard not to do anything to the house.

In May or June of 1985, Richard called Bowser requesting that certain leaking faucets and the rear door of the house be repaired. Bowser said he would take care of the problems. However, the back door was not repaired. Subsequently, on August 25, 1985, Donna suffered injuries to her right arm as she was leaving the house through the rear door. Thereafter, Donna brought this suit alleging that Bowser's negligence in failing to repair the door as promised proximately caused her injuries.

## ISSUES

Because we reverse, we will discuss only that issue which is dispositive. That issue, restated, is:

Whether the trial court erred in granting summary judgment for Bowser.

## DISCUSSION AND DECISION

Donna contends the trial court erred in concluding that Bowser was entitled to judgment as a matter of law. Under Ind. Rules of Procedure, Trial Rule 56, summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions and affidavits filed pursuant to Ind.Rules of Procedure, Trial Rule 5(D), together with any testimony show that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. *Anderson v. State Farm Mutual Automobile Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170.

When reviewing the grant of summary judgment, this court must determine that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d 677. We stand in the shoes of the trial court. *Penwell v. Western & Southern Life Ins. Co.* (1985), Ind.App., 474 N.E.2d 1042. We must liberally construe all evidence in favor of the opposing party and resolve any doubt as to the existence of a genuine issue of material fact against the moving party. *Id.* Moreover, we note that summary judgment is an inappropriate vehicle in disposing of issues involving negligence where the facts of the case are subject to more than one reasonable inference or conclusion. *Lewis v. Lockard* (1986), Ind.App., 498 N.E.2d 1024, *trans. denied; see also Law, supra.*

It is well established in this state that a landlord is not liable for personal injuries to a tenant for defective premises unless he expressly agrees to repair and is negligent in doing so. *Zimmerman v. Moore* (1982),

Ind.App., 441 N.E.2d 690; *Hunter v. Cook* (1971), 149 Ind.App. 657, 274 N.E.2d 550; *Stover v. Fechtman* (1966), 140 Ind.App. 62, 222 N.E.2d 281. The landlord's duty arises if he expressly covenants to repair at the inception of the lease. *Stover, supra.*

Bowser cites *Stover* to support his argument that his statements to Richard did not create an express covenant to repair. In *Stover*, the tenant claimed that an express covenant to repair arose from the conversation mentioned in the following testimony:

Q. Now, on arriving at her home you may now state what Mrs. Fecht—or Mrs. Maley said?

A. Well, when we arrived, I told her we liked the place and we wanted to talk things over and I told her the paper was haing (sic—hanging) I think, it was in the dining room and I told her it needed papering and she said she wouldn't do no interior decorating and I said well we'll do the inside decorating but I won't do anything outside of that, I said that's all we can do.

Q. And what did she say?

A. And she said well okay and I said now I'll give you reference Mrs. Maley if you wish it and I had my rent receipt from the last payment where we had just paid a month where we were and she said well I don't need no reference your face is reference enough and we rented the place and gave up our apartment.

. . . .

Q. Was there anything said at that time that you were there on her front porch before you move in as to whom (sic—who) would take care of the outside of the premises?

A. Yes.

Q. What was said?

A. I told her that I couldn't take care, she said she wouldn't do any inside decorating and I told her well I said I don't do plumbing or furnace work or anything else, this is all I'll take care of is redecorating.

*Id.* at 62, 222 N.E.2d at 283. In holding that the above mentioned conversation did not give rise to an express covenant, the court stated:

We cannot agree with the appellant that this testimony shows an express convenant. While we do not think that an oral lease on a month to month basis should necessarily be viewed in the same manner as a written lease, there must be some indication that the landlord affirmatively accepted the duty to repair. The testimony above demonstrates that the appellee at *no time made any statement in fact or one from which a reasonable inference could be drawn to the effect that she agreed to repair the premises.* The testimony demonstrates that the appellee did not respond to Mrs. Smith, the tenant, in any affirmative manner; rather she merely acknowledged Mrs. Smith's statement. (Emphasis added.)

*Id.*

█ In the present case, at the inception of the lease, Bowser told Richard:

[D]on't change nothing, don't nail a lot of nails in, *don't do nothing to the house.* (Emphasis added.)

*Record* at 103, Deposition D at 40. From this instruction a reasonable inference could be drawn that Bowser had affirmatively accepted the duty to repair. *Stover, supra.* This follows from the fact that the instruction foreclosed Richard or Donna from making any repairs, thereby leaving such work to Bowser. Furthermore, when faced with an inoperative door, Richard requested that Bowser repair it. To this request Bowser replied that one of his employees would "take care of it." *Record* at 103, Deposition D at 27. This statement also reinforces the inference that Bowser had affirmatively covenanted to repair the premises.

█ Bowser also argues that his promise to repair the door was made after transfer of possession and hence was not supported by consideration. However, concerning a month-to-month tenancy, there is authority:

[w]hich holds that it is not a continuous tenancy, but one for recurring monthly periods, which ends and recommences at the expiration of every month.

51 *C.J.S. Landlord & Tenant* § 145 (1968); *see Weiss v. City of South Bend* (1947), 118 Ind.App. 105, 74 N.E.2d 925. Therefore, the decision to continue to lease the house each month constituted sufficient consideration in support of Bowser's promise to repair the door.

For the above reasons, the trial court erred in granting summary judgment for Bowser. Consequently, this cause is reversed and remanded to the trial court.

Judgment reversed and remanded.

RATLIFF, C.J., and ROBERTSON, J. concur.