**Donna CHILDRESS, Appellant (Plaintiff Below),**

v.

**Carl E. BOWSER, Jr., Appellee (Defendant Below).**

No. 41S01–8912–CV–00902.

Supreme Court of Indiana.

Dec. 7, 1989.

Gary A. Schiffli, Joan M. Ligocki, Kroger, Gardis & Regas, Indianapolis, for appellant.

C. Dickson Faires, Jr., Frederick D. Emhardt, Miller, Faires, Hebert & Woddell, Indianapolis, for appellee.

SHEPARD, Chief Justice.

The question presented is whether a binding covenant to repair may reasonably be inferred from a landlord's admonition to a tenant at the inception of an oral lease to "do nothing" to the rental premises and his later specific promise to make a particular repair. We hold that such an inference may reasonably be drawn.

Richard Childress (Richard) leased a house from Carl E. Bowser, Jr., in March 1985 under an oral, month-to-month lease. At the inception of the lease Bowser told Richard, "don't change nothing, don't nail a lot of nails in, don't do nothing to the house." After leasing the house to Richard, Bowser listed it with a real estate agency in an attempt to sell it.

Richard lived in the house with his wife Donna and their four children without incident until May or June of 1985. At that time, Richard telephoned Bowser and requested that he repair some leaking faucets and the rear door of the house. Bowser told Richard that he would have one of his employees "take care of it." The door was not repaired. On August 25, 1985, Donna severely injured her right arm when leaving the house through the unrepaired door.

Donna subsequently brought this tort action alleging that Bowser's negligence in failing to repair the door as promised was the proximate cause of her injury. The trial court granted summary judgment for Bowser. The Court of Appeals reversed and remanded after finding that "a reasonable inference could be drawn that Bowser had affirmatively accepted the duty to repair [because his] instruction, ['do nothing to the house'], foreclosed Richard or Donna from making any repairs, thereby leaving such work to Bowser." *Childress v. Bowser* (1988), Ind.App., 526 N.E.2d 1209, 1211. We grant transfer.

The last pronouncement of this Court pertinent to the issue at hand was *Purcell v. English* (1882), 86 Ind. 34. Miss Purcell had leased rooms on the upper floor of a building owned by English. Access to and from these rooms was by a stairway common to all the tenants in the building. The railing for this stairway became rotten and undependable. While descending the stairs on an occasion when they were covered with ice and snow, Purcell grabbed the railing. It gave way, and she was injured.

In upholding a directed verdict for the landlord, this Court relied upon the prevailing rule of law during the nineteenth century that, absent an express promise by a landlord to repair the premises, the duty to effect repairs on a leased property fell upon the tenant. The Court declared that it would be unfair to impose upon landlords a duty to maintain even common areas of a tenement inasmuch as the landlord is "out of possession." *Id.* at 42. This could hardly be a basis for shielding a landlord like Mr. Bowser, who clearly prohibited his tenant from effecting a repair.

The Court noted that Miss Purcell's claim failed in two respects. First, the real danger to Purcell, wrote Judge Elliot, was

snow and ice on the common stairway. The landlord has no obligation to keep the common stairway clear of snow and ice, he said. Second, as for her claim that the landlord should have repaired the rotten railing, the evidence showed at most a promise to repair made after the leasing of the premises. Such a promise occurring after the bargain, the Court held, was without consideration and thus not enforceable.

In the twentieth century, Indiana courts have rejected the *Purcell* rule that tenants are responsible for maintaining common areas. We have held instead that the landlord has a duty to maintain them in safe condition. *Tippecanoe Loan & Trust Co. v. Jester* (1913), 180 Ind. 357, 101 N.E. 915 (landlord has duty to maintain common elevator in safe condition); *LaPlante v. La-Zear* (1903), 31 Ind.App. 433, 68 N.E. 312 (landlord has duty to maintain common stair); *Coleman v. DeMoss* (1969), 144 Ind. App. 408, 246 N.E.2d 483 (landlord has duty to maintain in safe condition access to single tenant dwelling where access remains under landlord's control); *Rossow v. Jones* (1980), Ind.App., 404 N.E.2d 12 (landlord has duty to remove ice and snow from common areas).

The second grounds on which *Purcell* was decided, that a promise to repair subsequent to the leasing was without consideration and not enforceable, was rejected by the Court of Appeals in this case. It observed that an oral month-to-month lease creates not one continuous tenancy but a series of one-month tenancies. *Weiss v. City of South Bend* (1947), 118 Ind.App. 105, 74 N.E.2d 925; Ind.Code § 32-7-1-2 (Burns 1980 Repl.). We agree with the Court of Appeals that the terms of each monthly period may be adjusted by the parties and that the tenant's rent payment for the month is adequate consideration to render enforceable the landlord's promise to make a specific repair.

The case at law is best resolved by adopting the rule described in the Restatement of Torts concerning *oral* leases:

> A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if
>
> (a) the lessor, as such, has contracted by a covenant in the lease *or otherwise* to keep the land in repair, and
>
> (b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and
>
> (c) the lessor fails to exercise reasonable care to perform his contract.

Restatement (Second) of Torts § 357 (1965) (emphasis added).

We overrule *Purcell v. English* and affirm the decision of the Court of Appeals. The trial court's summary judgment for the defendant is reversed and the case is remanded for trial.

DeBRULER, GIVAN, and DICKSON, JJ., concur.

PIVARNIK, J., concurs in result.