J. John MARSHALL and Marjorie
F. Marshall d.b.a. Park Jefferson
Apts., Appellants–Plaintiffs,

v.

Anita HATFIELD and Jeff Howell,
Appellees–Defendants.

No. 50A05–9302–CV–44.

Court of Appeals of Indiana,
Fifth District.

March 21, 1994.

Rehearing Denied May 19, 1994.

J. John Marshall and Marjorie F. Marshall, pro se.

James E. Easterday, Easterday & Ummel, Plymouth, for appellee-defendant Anita Hatfield.

RUCKER, Judge.

This appeal arises out of a landlord-tenant dispute. Landlords John and Marjorie Marshall (collectively "the Marshalls") filed an ejectment action against tenants Anita Hatfield and Jeff Howell (collectively "Hatfield"). The trial court awarded damages to the Marshalls in the amount of $100.00. According to the Marshalls, the damage award is inadequate and should have totaled $480.80. We consolidate and rephrase the issues as follows:

1. Were the Marshalls entitled to rental payments after Hatfield vacated the premises pursuant to a court ordered eviction?

2. Did the trial court err in ordering the Marshalls to return a part of Hatfield's security deposit?

We affirm.

The record reveals that on April 11, 1992, the Marshalls entered into a written lease agreement with Hatfield. The lease involved a two-bedroom apartment in the Marshalls' multi-unit apartment building. A dispute arose the following month when Hatfield began paying rent in partial payments contrary to the terms of the agreement. Further, the Marshalls received complaints that Hatfield's children were noisy and disturbing other tenants in the building.

On May 18, 1992, approximately six weeks after the lease term began, the Marshalls filed an action in small claims court seeking to evict Hatfield and claiming damages for back rent. A possession hearing was held on June 8, 1992, after which the trial court ordered Hatfield to pay the Marshalls all rent then outstanding along with any late fee penalties due. The court also ordered Hatfield to vacate the apartment by June 30, 1992. A damages hearing was then scheduled for July 14, 1992.

At the damages hearing John Marshall testified that Hatfield had complied with the court order in every respect, namely: all rentals and late fees due and owing up to and including the month of June had been paid and Hatfield had vacated the apartment by the end of June. Marshall also testified that he was not alleging damages as a result of the condition of the apartment. Specifically, the record shows Marshall had taken photographs of the condition of the apartment prior to the June possession hearing. At the damages hearing the trial judge inquired whether the condition had changed since the time the photographs had been taken and John Marshall testified, "Yes, your Honor." *Record* at 43. The following exchange ensued:

Q. You've inspected the premises?

A. Yes, your Honor.

Q. Are you alleging that there are any damages that you are entitled to as a result of their occupying the premises from mid April to that later part of June?

A. No, I don't.

*Record* at 44. Marshall further testified that he was entitled to a July rental payment because it represented the balance due on the lease agreement. Marshall opined, "It's our position that they are responsible for it until we place a new tenant in it." *Record* at 45. The Marshalls also introduced evidence demonstrating advertising expenses they incurred in attempting to re-let the apartment in the amount of $79.80 and the cost of utilities during the vacancy period in the amount of $20.00.

After the hearing concluded, the trial court took the matter under advisement. Thereafter, on September 1, 1992, the trial court entered judgment for the Marshalls in the amount of $100.00. The order of judgment also directed the Marshalls to deduct the $100.00 along with court costs from Hatfield's $345.00 security deposit and to return the balance to Hatfield. The trial court entered findings in support of its judgment. This appeal ensued in due course.

### I.

The Marshalls first complain the trial court erred in not awarding damages which included rent for the month of July. According to the Marshalls the final judgment was inconsistent with the evidence and contrary to law. We disagree.

We first observe that although the trial court entered findings in support of its judgment, they were not special findings pursuant to Ind.Trial Rule 52. Rather, the judgment here is a general one merely supported by partial findings. Thus, the judgment will be affirmed if it can be sustained upon any legal theory supported by the evidence introduced at trial. *Marshall County Redi–Mix, Inc. v. Matthew,* (1984), Ind., 458 N.E.2d 219. Further, because the Marshalls had the burden of proof at trial they appeal from a negative judgment. When a party appeals from a negative judgment, he must demonstrate that the evidence points unerringly to a conclusion different from that reached by the trial court. *Communications Workers of America, Locals 5800, 5714 v. Beckman* (1989), Ind.App., 540 N.E.2d 117.

We will reverse a negative judgment only if the decision of the trial court is contrary to law. *Aetna Casualty & Sur. Co. v. Crafton* (1990), Ind.App., 551 N.E.2d 893. In determining whether a trial court's decision is contrary to law, this court must determine if the undisputed evidence and all reasonable inferences to be drawn therefrom lead to but one conclusion and the trial court has reached a different one. *Id.*

As a general rule a tenant is liable for all rent remaining under a lease after the tenant vacates the property. *Waxman Indus., Inc. v. Trustco Dev. Co.* (1983), Ind. App., 455 N.E.2d 376, 379. Here, the Marshalls' claim of entitlement to rent for the month of July is apparently based on the assumption that the written lease agreement created a tenancy from year to year. This assumption compels the conclusion that by vacating the apartment prior to expiration of the lease term, Hatfield is liable for the balance of outstanding rentals. However, this assumption is not supported by the record. Relevant portions of the agreement are reproduced as follows:

**LEASE**

THIS LEASE, made this ___7___ day of __April__, 19_9 2_, between _____ Park Jefferson Apartments , hereinafter called LESSOR and _Anita Hatfield & Geff Howell__, hereinafter called LESSEE.

WITNESSETH: LESSOR does hereby lease and rent unto LESSEE, and LESSEE does hereby take as tenant under LESSOR, Apartment No. _408_ of the building known as Building Number ___4___ situated at _1311 W. Jefferson_ in the _Plymouth_, and State of Indiana, to be used by LESSEE as a lawful private single family dwelling from 12:00 noon on the _11th_ day of ___April___, 19 _9 2_, until 12:00 noon on the _30th_ day of _April_, 19 _92_, inclusive.

IN CONSIDERATION WHEREOF, and of the covenants hereinafter expressed, it is covenanted and agreed as follows:

1. RENTS. LESSEE agrees to pay to LESSOR or LESSOR'S agent, in advance at the office of LESSOR or said agent on the first day of each month of said term, as rent for said premises, the sum of _345. + 19°°_ Dollars ($ _364 °°_ ) per month; the time of payment of each monthly installment is made the essence of this agreement and each and every installment of rent accruing under the provisions of this lease. All sums due from LESSEE hereunder shall be payable without relief from Valuation or Appraisement Laws at _1311 W. Jefferson_ _Plymouth_ State of Indiana, or at such other place as LESSOR may designate in writing.

2. DEPOSIT AS SECURITY. The LESSEE, concurrently with the execution of this Lease, has deposited with the LESSOR or LESSOR'S agent, the sum of _Three Hundred, Forty five_ Dollars ($ _345 °°_ ), the receipt whereof is acknowledged, which sum shall be retained by the LESSOR as security for faithful performance of the covenants, terms, rules and regulations of this Lease. If at any time the LESSEE shall be in default in any other provisions of this Lease or shall vacate the premises prior to the date of the expiration of this Lease, the said deposit as security shall be considered to be minimum damages and/or expenses resulting from the default or vacation of the premises by the LESSEE. It is hereby understood and agreed that the security deposit is not an advance payment of/or on account of the last month's rent or any installment thereof. Said sum shall not bear interest. Should all the provisions of this Lease be satisfactorily performed, then said deposit shall be returned to the LESSEE at the termination of this Lease, subject however to the terms and conditions described in the conditions regarding the vacating of an apartment.

Clearly this lease extended for a period of nineteen days, namely: April 11, 1992 to April 30, 1992. At the very most, the term

created by the instrument was a tenancy from month to month. Nothing in the record before us suggests otherwise. Tenancies from month to month extend for successive periods of one month until the tenancy is properly terminated. *Weiss v. City of South Bend* (1947), 118 Ind.App. 105, 74 N.E.2d 925. Absent a contrary agreement, if a tenant remains after the lease period has ended and continues making rental payments, then there is a renewal on the same terms as those contained in the original lease. *Speiser v. Addis,* (1980), Ind.App., 411 N.E.2d 439.

■ In the case before us the lease term ended at noon on April 30, 1992. Hatfield remained in possession and continued paying rent until vacating the apartment pursuant to court order. Thus, the lease was renewed only on a month to month basis until June 30, 1992, at which time the lease was terminated by reason of an eviction. Not only was there no rent remaining under the lease after Hatfield vacated the premises, but also the law in this jurisdiction is clear, unequivocal and of long duration that "a lessor cannot maintain an action for rent accruing subsequently to the bringing of an action of ejectment by him, if the [lessee] yielded possession in obedience to such action." *Jennings v. Bond* (1895) 14 Ind.App. 282, 287, 42 N.E. 957, 959. *See also Nylen v. Park Doral Apartments* (1989), Ind.App., 535 N.E.2d 178, 181, *trans. denied* (As a general rule a tenant will be relieved of any obligation to pay further rent if the landlord deprives the tenant of possession of the premises by an actual eviction).

However, the Marshalls rely upon an exception to the rule prohibiting an action for additional rent payment where a lease includes a savings clause expressly providing that termination shall not affect the accrual of liability for rent. *See Nylen,* 535 N.E.2d at 181. In this case, according to the Marshalls, the lease agreement contains four such savings clauses and thus they are entitled to future rent as a matter of law. The Marshalls are mistaken.

First, we have carefully examined the lease agreement in this case. Contrary to the Marshalls' assertion, only one clause even remotely suggests that termination shall not affect the accrual of liability for rent. Sub-

paragraph No. 6 of the lease permits the landlord to "take possession of the leased premises ... or at its option, the whole rent for the entire term ... shall at once become due and payable ..." *Record* at 8. There is no express provision here dictating that termination of the lease shall not affect accrual of liability for rent. Hence, the exception on which the Marshalls rely is not present here. Second, even assuming there was an express provision for accrual of liability for rent notwithstanding termination of the lease, the Marshalls' argument would nonetheless fail. As we have previously discussed, the lease in this case only extended from month to month. Once all payments were made for the last month of Hatfield's occupancy, there was simply no additional rent due.

Other than a claim for July rent and a late fee penalty for that month, the Marshalls sought reimbursement for incurred advertising expenses to re-let the apartment, and the cost of utilities during the vacancy period. Total damages equalled $99.80. The trial court awarded the Marshalls damages in the amount of $100.00. The award was consistent with the evidence presented. We find no error.

II.

■ The Marshalls next complain the trial court erred in ordering the return of Hatfield's security deposit. According to the Marshalls, Hatfield failed to file a counterclaim requesting such relief, and thus the issue was not properly before the court for resolution.

We first observe this matter was placed on the small claims docket of the court and thus the Indiana Rules for Small Claims prevailed. Rule 8(A) provides in pertinent part, "The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence...." By employing the relaxed rules of procedure and pleadings the trial court properly dispensed speedy justice in this case.

Further, when evidence is introduced without objection on an issue not raised by the pleadings, the unpleaded issue is deemed as being tried by implied consent of the parties. *See* Ind.Trial Rule 15(B); *Huffman v. Foreman* (1975), 163 Ind.App. 263, 323 N.E.2d 651. In the case before us, not only did the Marshalls not object to evidence concerning the security deposit, but they introduced evidence on the issue themselves. At the damages hearing John Marshall testified that he inspected the apartment after Hatfield had delivered possession. Upon questioning by the trial judge, Marshall acknowledged that there were no damages to which he was entitled as a result of Hatfield occupying the premises from mid-April to the later part of June.

The following exchange is also illuminating:

THE COURT: I understand that you are not asking for damages relating to cleanup and all of that?

MR. MARSHALL: We have, we in—I don't want to make this thing more complicated than it is. The—we incurred expenses in preparation for re-rental including but not limited to; painting, cleaning and other expenses, *which I chose to basically eat* to keep this—keep this simple.

*Record* at 50 (emphasis added). Where a landlord agrees no damages are due he or she must remit to the tenant immediately the full security deposit. *See* Ind.Code § 32–7–5–15; *Duchon v. Ross* (1992), Ind.App., 599 N.E.2d 621. Here, the Marshalls chose not to seek reimbursement for expenses incurred in preparation for re-rental. Also they conceded no damages were due other than July rent, utilities and advertising expenses. Thus, the Marshalls presented evidence on the very issue they now complain should not have been decided by the trial court, namely: Hatfield's entitlement to a return of a portion of the security deposit. The issue was tried by implied consent of the parties. We find no error here.

The Marshalls counter that even if the issue of Hatfield's security deposit were properly before the trial court, the court nonetheless erred. According to the Mar-

shalls, they never had an opportunity to comply with the notice provision of Ind.Code § 32–7–5–12 and, therefore, the trial court's order was premature. This argument is unavailing because no harm has been demonstrated.

As we have already noted, the record clearly shows the Marshalls conceded no damages were due other than July rent, utilities, and advertising expenses. The trial court awarded damages for utilities and advertising and implicitly considered but denied damages for further rental payments. Thus, even if the Marshalls had given notice and retained Hatfield's security deposit as partial payment of July rent, the retention would have been erroneous and the deposit less appropriate deductions would have been properly ordered returned by the trial court. Here, Hatfield vacated the premises on June 30, 1992, under court ordered eviction. Statutory notice was due no later than forty five days thereafter on August 14, 1992. The trial court's order directing return of the balance of Hatfield's security deposit was not entered until September 1, 1992. The Marshalls were not harmed by an order of the court that directed them to do what they would have been compelled to do in any event.

Judgment affirmed.

BARTEAU, J., concurs.

NAJAM, J., concurs in result.