In the Matter of Aaron Ray DANFORTH and Deloy Ray Danforth, Children Under the Age of Eighteen Years.

Aaron DANFORTH, Appellant,

v.

MADISON COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee.

No. 48S02–8908–CV–647.

Supreme Court of Indiana.

Aug. 30, 1989.

———

James D. Gillespie, Anderson, for appellant.

Thomas L. Hulse, Miller, Hulse, Lacey, Hardacre, Austin & Shine, Anderson, for appellee.

GIVAN, Justice.

The Madison County Department of Public Welfare filed a petition to terminate parental rights of the children's father, Aaron Ray Danforth, and their mother, Anna Danforth Fuller. The trial court terminated the rights of both parents. The mother did not appeal. However, the father instituted this appeal.

The Court of Appeals in *Matter of Danforth*, (1987), Ind.App., 512 N.E.2d 228, reversed the trial court, holding that there was not sufficient evidence to terminate the father's parental rights. In August 1980, Danforth was arrested for armed robbery. He was subsequently convicted and incarcerated in the Indiana State Reformatory for two armed robberies and a burglary. From the time of his arrest until May of 1981, the children remained with their mother, Anna Danforth Fuller. Fuller was arrested for burglary in May of 1981. At that time, the Madison County Department of Public Welfare removed the children from the home and placed them in foster care.

The children were determined to be Children in Need of Services. They were brought to the Indiana Reformatory to visit their father every four to six weeks until August 15, 1984. From that time on, the father attempted to stay in communication with the children through letters and birthday cards which were sent in care of the caseworker.

The petition to terminate parental rights was filed February 22, 1985. A fact-finding hearing on that petition disclosed that Danforth only recently had been released from the reformatory after serving five (5) years in that institution and that prior to his incarceration, he had repeatedly committed armed robberies and one burglary. During one of the armed robberies, he left his children, then one and two years of age, in the getaway vehicle while he perpetrated the robbery. During his incarceration, he told his ex-wife, Fuller, that when he was released he would kill her and the caseworker involved in his children's case. In this type of case, a trial court's decision should not be reversed unless there is no

evidence to support it. *J.K.C. v. Fountain County Dept. of Pub. Wel.* (1984), Ind. App., 470 N.E.2d 88.

In his dissenting opinion in the case at bar, Judge Buchanan observed:

"A review of the record convinces me that there is sufficient evidence to support the trial court's determination. The trial court must evaluate the parent's habitual patterns of conduct to determine whether there is a reasonable probability of future deprivation of the children. (Citation omitted.) The trial court need not wait until the children are irreversibly influenced such that their physical, mental and social growth is permanently impaired before terminating the parent-child relationship." *Matter of Danforth, supra* at 232.

Judge Buchanan further observed:

"Surely we need not wait for bleeding victims before we find sufficient evidence of the likelihood of Danforths's future incarceration." *Matter of Danforth, supra* at 232.

This Court accepts Judge Buchanan's analysis of the situation. There was further evidence that the children had not been under the care of their father for six and a half years prior to the filing of the petition and that visits with him were upsetting to the children.

There is ample evidence in this record to support the decision of the trial court. The trial court was in a much better position than either the Court of Appeals or this Court to make a full evaluation of the situation. That court's determination should not be disturbed unless there is a total absence of evidence to support it. *J.K.C., supra.*

The Court of Appeals' opinion is set aside and the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., would deny transfer.