Charles A. BRATTON and Rosemary B. Bratton; Alvin W. Weaver and Joanne Holycross Weaver, Appellant–Defendants,

v.

David K. YERGA and Kathleen M. Yerga; John Miller and Shirley J. Miller, Appellee–Plaintiffs.

No. 64A03–9108–CV–235.[1]

Court of Appeals of Indiana, First District.

March 19, 1992.

---

James L. Sullivan, Valparaiso, for appellant-defendants.

Michael C. Harris, Harris, Welsh & Lukmann, Chesterton, for John and Shirley J. Miller.

David M. Welter, Valparaiso, for David and Kathy Yerga.

BAKER, Judge.

Defendant-appellants Charles A. and Rosemary B. Bratton and Alvin W. and Joanne H. Weaver appeal an adverse ruling in a declaratory judgment suit initiated by

---

1. This case was transferred by direction of the Chief Judge on 2–20–92.

plaintiff-appellees David K. and Kathleen M. Yerga and John and Shirley J. Miller. The Yergas and the Millers brought the action to determine the rights and responsibilities associated with an easement serving as a driveway.

We choose to adopt the appellees' statement of the issues:[2]

I. Whether the trial court's decision regarding the easement is clearly erroneous.

II. Whether the appellees are entitled to an award of attorney's fees under Ind. Appellate Rule 15(G).

We affirm the decision of the trial court, but award no fees.

## FACTS

The facts underlying this appeal are not in dispute. Shirley Miller inherited a 40 acre parcel of land from her parents. The southern edge of this property is bordered by Porter County Road 650 North. In October 1972, Miller sold ten acres of her property to Thomas and Audrey Witzman. This ten acre parcel was situated in the northeastern portion of the 40 acres. The Witzmans split their ten acres into two roughly five acre parcels and sold one to the Nelsons and one to the Irelands. Neither five acre parcel had access to County Road 650 North, however, so in 1973 the Millers, the Nelsons, and the Irelands executed and recorded a grant of easement, the pertinent parts of which read as follows:

... [T]he grantors, John A. and Shirley J. Miller ... grant and convey to Jeffrey J. Ireland and Gunta Ireland ... and Timothy E. Nelson and Janel Nelson, a right of way and easement appurtenant, for use as a roadway and driveway for unlimited passage over, upon, through and across [a twenty foot wide strip of land running in a certain direction].

It is understood ... that ... this easement is ... for the use of the grantees for the purposes of allowing the grantees to obtain ingress to and egress from [the described property].

It is further understood between the grantors and grantees that the grantors have the right to use and cross over this easement for the purpose of reaching other portions of their property and that the grantees are not allowed to erect fences or other obstructions which will interfere with this right of the grantors.

It is further understood and agreed by and between the grantors and the grantees that the grantors or the grantors' successors in interest may once at any time in the future relocate the aforementioned easement for ingress to and egress from [the described piece of property], so long as the grantors or the grantors' successors in interest provide a roadway as good as or better than the roadway existing at the time on the easement herein conveyed.

It is further understood and agreed that this easement, or any location of said easement, as provided hereunder, may at any time in the discretion of the grantors or their successors in interest and by their act alone, be in full or in part dedicated as a public right of way by

2. Our choices were limited, for we were unable to discern readily the Brattons' and Weavers' statement of issues. Section one of appellants' brief, subtitled "Statement of the Issues," states "The issues raised in Appellant's Motion to Correct Error are...." *Brief of the Appellant* at [1]. Six issues are set forth, with the final issue having five subparts. But nowhere in the brief is there a correspondence between the issues announced and the argument presented. No attempt has been made to distinguish the arguments associated with one issue from arguments associated with another. There is no summary of the argument section to guide us, as required by Ind. Appellate Rule 8.3(A)(6). Although numerous references are made to the trial court's ruling or holding, appellants have failed to include a verbatim statement of the judgment, as required by Ind.App. Rule 8.3(A)(4). Rather than spend fruitless hours attempting to locate and address the argument concerning each of the issues associated with appellants' "Motion to Correct Errors," we will instead attempt to distill and respond to appellants' gallimaufry within the parameters established by appellees' statement of the issues, notwithstanding the fact that substantial failure to comply with the rules of appellate procedure subjects the non-complying party to dismissal. *Sartain v. Blunck* (1983), Ind.App., 453 N.E.2d 324. As a final note, we would advise appellants it is unnecessary to include in their brief a table of contents for the record of proceedings, and that a certificate of service is designed to prove notice to opposing counsel, not to prove eight copies of the brief were sent to our clerk's office.

constructing in said right of way a road sufficient to meet the requirements for dedication then existing. . . .

*Record* at 196–97.

In 1980, the Brattons purchased the Irelands' property. In 1985, the Weavers purchased the Nelsons' property. In 1988, the Yergas purchased an eleven acre tract of land from the Millers; this property lies largely between the Brattons' and Weavers' property to the northeast and County Road 650 North to the south. The greatest part of the easement runs directly through and alongside the Yergas' property. At this point it may be helpful to refer to the rough diagram we have prepared:

N

(Not to Scale)

THE EASEMENT ———————>

DOMINANT LAND
Nelson > Weaver (1985)
3.292 acres

DOMINANT LAND
Ireland > Bratton (1980)
5.545 acres

SERVIENT LAND
Miller > Yerga (1988)
11.168 acres

Miller

Porter County Road 650 North

At some moment in time the Weavers and the Brattons informed the Yergas that the Yergas were not to use any portion of the easement, and that if the Yergas wanted access to County Road 650 North, they could build a separate driveway running parallel to the easement.

The Yergas and the Millers filed a declaratory action seeking to have the rights associated with the easement clarified. The trial court ruled that the Brattons and the Weavers did not have exclusive use of and rights to the easement as against the Yergas and Millers. *Record* at 65. This appeal followed.

## DISCUSSION AND DECISION

### I. Standard of Review

■ Neither party asked the trial court to enter specific findings of fact and conclusions of law under Ind. Trial Rule 52(A). Had either done so, we would have employed a standard of review in which we affirm the judgment if the evidence adduced at trial supports the findings and if the findings support the judgment. *Vanderburgh County Bd. of Comm'rs v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied.* Here, the trial court initiated the development of findings of fact and conclusions of law by requesting the parties submit proposed findings of fact and conclusions of law. The T.R. 52(A) standard of review is therefore inapplicable. Instead, the general judgment controls as to the issues upon which the trial court has not found, and the specific findings control only as to the issues they do cover. *Id.* at 666. While the specific findings will not be set aside unless they are clearly erroneous, we will nonetheless affirm the general judgment upon any legal theory supported by evidence introduced at trial. *Id.*

### II. Easement

The thrust of the Brattons' and the Weavers' argument appears to be that the court erred by concluding they did not have exclusive rights to the use of the easement. They argue that the paragraph in the grant stating the grantors have the right to cross over and use the easement is inapplicable to the Yergas, because, unlike the other paragraphs, there is no mention of the right extending to the Millers' successors in interest. They note the grant of easement contains no general paragraph passing the Millers' rights to all successors in interest and assigns; therefore, they conclude, the grant was exclusive.

■ The Brattons and Weavers have presented us with a question of contract interpretation. When considering contracts, we endeavor to give words their plain and usual meaning, "unless, from the entire contract and subject matter thereof, it is clear that some other meaning is intended ..." *Tomahawk Village Apartments v. Farren* (1991), Ind.App., 571 N.E.2d 1286, 1291. Particular words and phrases of a contract cannot be read alone; the parties' intention must be gleaned from the contract considered as a whole. *Id.*

■ "Generally, exclusivity should be clearly evidenced in the grant of the easement." *Brown v. Heidersbach* (1977), 172 Ind.App. 434, 442, 360 N.E.2d 614, 620. "In the absence of an agreement to the contrary, the owner of the servient estate may use his property in any manner and for any purpose consistent with the enjoyment of the easement by the owner of the easement." *Bd. of Comm'rs of Vanderburgh County v. Joeckel* (1980), Ind.App., 407 N.E.2d 274, 277. Here, we agree with the trial court that the easement is not exclusive. True, the paragraph reserving the right to cross over and use the easement contains no mention of the right passing to successors in interest, unlike the subsequent two paragraphs. We cannot infer from this absence, however, an intent to limit cross over and use to the Millers alone, given the rule in *Brown* that exclusivity should be "clearly evidenced." We hardly think the absence of any reference to successors in interest or assigns is "clear evidence" of an intent to exclude them. For this reason, we affirm the judgment.

■ Over objection, the trial court considered extrinsic evidence surrounding the

formation of the grant of easement. Parol or extrinsic evidence is inadmissible to explain a written instrument unless there is a showing of fraud, mistake, illegality, duress, undue influence, or ambiguity. *Turnpaugh v. Wolf* (1985), Ind.App., 482 N.E.2d 506. Unlike the trial court, we find the terms of the instrument regarding exclusivity unambiguous. We note, however, that if we had found the language of the easement ambiguous, we would have been compelled to uphold the trial court's determination that the intent of the parties was not to limit the reservations contained in the easement. Although the evidence presented at trial on this issue was in conflict, Shirley Miller testified the easement was created for the benefit of the owners of the dominant tract, and the reservations were added for her benefit and for a farmer who was farming an adjacent piece of property. "[W]e needed language in the easement to enable people to use it," she testified. *Record* at 103. On cross-examination, Miller was asked, "You have also told us that you thought you would have the right to use it and anybody you sold real estate to use it[?]" Miller replied, "Yes." *Record* at 108. There was, therefore, evidence in the record to support the trial court's finding that the intent of the parties was to allow the reservations of rights to pass to others. We decline the Brattons' and the Weavers' request that we reweigh the evidence and reassess the credibility of the witnesses.

■ The Yergas and the Millers ask us to assess attorney's fees against the Brattons and Weavers, claiming they have been unnecessarily subjected to substantial expense, time, energy, and inconvenience in defending the appeal. They argue there was "not a scintilla of rationality" to the Brattons' and the Weavers' position. Although we are tempted, especially given our remarks in Note 1, *supra,* we are constrained to admit we find no evidence of bad faith, frivolity, or vexatiousness in the Brattons' and the Weavers' prosecution of their appeal. *Cf. Lesher v. Baltimore Football Club* (1987), Ind., 512 N.E.2d 156.

The judgment of the trial court is affirmed, and no attorney's fees are awarded.

RATLIFF, C.J. and STATON, J. concur.