Michael **WAGNER**, Appellant–Respondent,

v.

**GRANT COUNTY DEPARTMENT OF PUBLIC WELFARE,**
Appellee–Petitioner.

No. 27A05–9412–JV–496.

Court of Appeals of Indiana.

July 28, 1995.

Bruce N. Elliott, Marion, for appellant.

Georgianne F. Bolinger, Upland, for appellee.

## OPINION

BAKER, Judge.

Appellant-respondent Michael Wagner challenges the sufficiency of the evidence supporting the trial court's order terminating his parental rights as to his daughter, S.S., and claims that the guardian ad litem's performance was so deficient that a new trial should be granted.

### FACTS

The evidence most favorable to the judgment reveals that S.S., who was born on January 17, 1993, is the daughter of Wagner and Kari Stone. Stone and Wagner never married and Stone had legal custody of S.S. Wagner, as a result of his various criminal convictions, has spent the majority of S.S.'s lifetime incarcerated and therefore, has been unable to care for his daughter.

On April 6, 1993, in response to a complaint of child neglect, the Marion Police Department conducted an investigation and determined that Stone had not provided S.S., who was less than three months old, with adequate food, shelter, or supervision. Consequently, S.S. was removed from Stone's custody and placed in the custody of the Grant County Department of Public Welfare (Department).[1] Thereafter, on April 8, 1993, the Department filed a petition alleging S.S. to be a Child in Need of Services (CHINS). After a hearing on May 19, 1993, the trial court adjudicated S.S. to be a CHINS and after a dispositional hearing on June 30, 1993, the court ordered that she be placed in foster care.

On January 26, 1994, pursuant to IND. CODE § 31–6–3–4, the trial court appointed a guardian ad litem for S.S. Thereafter, on March 31, 1994, the Department filed a petition for the involuntary termination of the parental rights of both Wagner and Stone. After a hearing on September 14, 1994, the trial court made findings of fact and conclusions of law in which it found that S.S. had never been in Wagner's custody, that Wagner's habitual criminal conduct was a condition not likely to be remedied, that termination of Wagner's parental rights was in S.S.'s best interests, and that the Department presented a satisfactory plan for the care of S.S. Accordingly, the trial court terminated Wagner's parental rights.[2]

### DISCUSSION AND DECISION

#### I.  Standard of Review

Where the trial court has entered findings on its own motion, the general judgment controls as to issues upon which the court has not made findings and the specific findings control only as to the issues they cover. *Bratton v. Yerga* (1992), Ind.App., 588 N.E.2d 550, 554. Thus, the specific findings will not be set aside unless they are clearly erroneous and we will affirm the general judgment on any legal theory supported by the evidence. *Id.*

#### II.  Sufficiency of the Evidence

When seeking to terminate a parent's rights, the Department must prove by clear and convincing evidence the following elements:

---

1.  We note that the Department of Public Welfare is now referred to as the Office of Family and Children.

2.  We note that the court's September 14, 1994, order also terminated the parental rights of Stone. Stone, however, is not a party to this appeal.

(1) the child has been removed from the parent for at least six (6) months under a dispositional decree;

(2) there is a reasonable probability that:

(A) the conditions that resulted in the child's removal or the reasons for placement outside the parent's home will not be remedied; or

(B) the continuation of the parent-child relationship poses a threat to the well-being of the child;

(3) termination is in the best interests of the child; and

(4) there is a satisfactory plan for the care and treatment of the child.

IND.CODE § 31–6–5–4(c). On appeal of a termination of parental rights, we will neither reweigh the evidence nor judge the credibility of witnesses. *Matter of C.D.* (1993), Ind.App., 614 N.E.2d 591, 593, *trans. denied.* We will consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. *Id.*

Here, Wagner does not dispute that there is a satisfactory plan for the care and treatment of the child. Resolution of this case, therefore, turns on the three remaining elements of the termination statute, I.C. § 31–6–5–4(c)(1), (2), and (3), which Wagner contends the Department failed to prove by clear and convincing evidence.

■ First, Wagner claims that the Department failed to prove by clear and convincing evidence that S.S. was removed from his custody for at least six months under a dispositional decree. Specifically, he argues that S.S. could not have been removed from his actual custody because at the time that the child was removed, Kari had legal custody and Wagner was incarcerated. We disagree. In *Tipton v. Marion County Dept. of Public Welfare* (1994), Ind.App., 629 N.E.2d 1262, 1266, we held that although the father did not have physical custody of his children at the time they were removed, the children were nonetheless effectively removed from both their parents when they were removed from the physical custody of the mother and

placed in another home pursuant to the dispositional decree.[3] Similarly, in the present case, although Wagner did not have physical custody of S.S. at the time she was removed, S.S. was nonetheless effectively removed from both parents when she was removed from the physical custody of Stone pursuant to the June 30, 1993, dispositional decree and placed in foster care. Further, because S.S. remained in foster care for over six months until the March 31, 1994, filing of the petition for termination, we hold that the evidence supports the trial court's finding that S.S. was removed from Wagner's care for a period of six months under a dispositional decree pursuant to I.C. § 31–6–5–4(c).

■ Next, Wagner contends that the Department failed to prove by clear and convincing evidence that there was a reasonable probability that the conditions resulting in the removal of S.S. would not be remedied. Here, the record reveals that Wagner was convicted of several crimes including auto theft and intimidation. As a result, Wagner was incarcerated at the time of S.S.'s birth and has spent the majority of her lifetime in jail. In addition, at the time of the termination hearing, Wagner had charges pending against him for driving with a suspended license. In fact, Wagner testified that, after the termination petition had been filed and a few weeks after being released from jail, Wagner once again stole a car as part of his plan to obtain money to support S.S. Recognizing our deferential standard of review, we find that this evidence supports the trial court's finding that Wagner had a pattern of criminal activity which rendered him incapable of caring for S.S. and that there was a reasonable probability that the condition would not be remedied. *See In re Danforth* (1989), Ind., 542 N.E.2d 1330 (the trial court must evaluate the parent's habitual patterns of conduct to determine whether there is a reasonable probability of future deprivation of the children).

■ Finally, Wagner argues that the Department failed to prove by clear and convincing evidence that it was in the best inter-

---

3. Although Wagner cites *Matter of A.M.* (1992), Ind.App., 596 N.E.2d 236, *trans. denied,* for the proposition that the child must be removed from his actual custody in order to terminate his parental rights, we find that the more recent case, *Tipton,* is controlling.

ests of S.S. to terminate Wagner's parental rights. However, the evidence indicates that Wagner has a continuing pattern of criminal activity and incarceration which renders him incapable of caring for his daughter. This evidence supports the trial court's conclusion that it was in the best interests of S.S. to terminate Wagner's parental rights.

### III.  Performance of the Guardian Ad Litem

Next, Wagner argues that the performance of the guardian ad litem was so deficient that he is entitled to a new trial. Specifically, Wagner argues that the guardian ad litem relied on the Department's reports, failed to conduct an independent investigation, and failed to speak with Wagner or his family. Wagner further argues that the guardian ad litem's report was based on assumptions, misstatements, and hearsay.

The duty of a guardian ad litem is to represent and protect the best interests of the child.  IND.CODE § 31–6–3–4(b).  In the present case, the guardian ad litem based her recommendation that Wagner's parental rights be terminated on his repeated incarceration and resulting lack of contact with S.S.  Clearly, these are not misstatements or assumptions but facts which could easily be confirmed.  In addition, the report noted that after being released from prison and subsequent to the filing of the termination petition, Wagner again stole a car.  This fact was confirmed by Wagner's own testimony and demonstrates Wagner's continuing pattern of criminal activity.  Moreover, the guardian ad litem testified that although she attempted to contact Wagner several times, she was unable to locate him.  Based on these facts, we cannot say that the guardian ad litem failed to represent and protect the best interests of S.S.

Judgment affirmed.

BARTEAU and GARRARD, JJ., concur.