Donald A. BUCK, and Margaret Jean
Buck, Appellants–Plaintiffs,

v.

Carolyn K. BANKS, Thomas D. Chipman
and Robert L. DuLong As Executor of
the Estate of Lillian E. Allen, Deceased,
Appellees–Defendants.

No. 47A01–9512–CV–380.

Court of Appeals of Indiana.

July 22, 1996.

Alphonso Manns, John Michael Nordhoff, Bloomington, for Appellants.

Gordon K. Emery, Bedford, for Appellee Robert L. DuLong, As Executor of the Estate of Lillian E. Allen, Deceased.

Thomas Bunger, William J. Beggs, Bloomington, for Appellees Carolyn Banks and Thomas D. Chipman.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Donald A. Buck and Margaret Jean Buck appeal the trial court's grant of summary judgment in favor of appellees-defendants Carolyn K. Banks and Thomas D. Chipman (Banks) and Robert L. DuLong, as executor of the estate of Lillian E. Allen, deceased. The Bucks raise three issues for review which we combine and restate as whether the trial court erred in: 1) finding that the parties' contract violated the Rule Against Perpetuities and 2) refusing their request to reform the contract so as to bring it within the Rule Against Perpetuities.

### FACTS

The undisputed facts reveal that on November 28, 1958, the Bucks entered into a contract (1958 contract) to purchase a 500 acre parcel of land from Lillian E. Allen. Included in this contract was a provision giving the Bucks a right of first refusal to purchase an additional fourteen acres from Allen should she decide to sell that property. Additionally, the contract contained a clause which made its provisions binding on each party's heirs, executors, administrators, and assigns. On March 30, 1964, the Bucks paid the final installment on the purchase price for the 500 acres.

Several years later, on March 26, 1993, Allen entered into an agreement with Banks for the sale of the remaining fourteen acres. On June 28, 1993, prior to the completion of the sale, Allen died. The Bucks, upon learning that Allen had contracted with Banks for the sale of the fourteen acres, filed a claim against Allen's estate (Allen) and Banks for breach of the pre-emptive right provision of the Bucks' contract with Allen. Specifically, the Bucks sought specific performance of the portion of the contract which gave them the right to purchase the fourteen acres. In response, Allen filed a motion for summary judgment alleging that the pre-emptive right provision of the 1958 contract was void because it violated the Rule Against Perpetuities. The Bucks filed a response to the motion for summary judgment and a motion requesting that the court permit them to reform the contract. Additionally, the Bucks sought summary judgment in their favor. Following a hearing, the trial court granted Allen's motion for summary judgment and denied the Bucks' motions for summary judgment and for reformation of the contract. In its order, the trial court found that the facts were not in dispute, that the pre-emptive right provision of the 1958 contract violated the Rule Against Perpetuities and therefore, the provision was void in its creation. The Bucks now appeal.

### DISCUSSION AND DECISION

#### I. Standard of Review

■ Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). In reviewing the propriety of the grant of summary judgment, this court applies the same standard as the trial court. *O'Neal v. Throop,* 596 N.E.2d 984, 986 (Ind. Ct.App.1992), *trans. denied.* In the instant case, the parties do not dispute the facts. Accordingly, our task is limited to a determination of whether the trial court correctly applied the law to the undisputed facts. *State ex rel. Bd. of Dental Examiners v. Judd,* 554 N.E.2d 829, 830 (Ind.Ct.App.1990).

#### II. Rule Against Perpetuities

■ The Bucks contend that the trial court erred in finding that the 1958 contract violated the Rule Against Perpetuities. The Rule Against Perpetuities is an ancient, but still vital, rule of property law intended to enhance marketability of property interests by limiting remoteness of vesting. *Brown v. American Fletcher Nat'l Bank,* 519 N.E.2d 166, 168 (Ind.Ct.App.1988), *trans. denied.*

Indiana has adopted the Uniform Statutory Rule Against Perpetuities at IND. CODE §§ 32–1–4.5–1 to 32–1–4.5–6. However, I.C. § 32–1–4.5–2 limits the applicability of the Uniform Rule and specifically provides that the chapter does not apply to nonvested property interests arising out of a nondonative transfer. Here, the Bucks' pre-emptive right to purchase the additional fourteen acres is a nonvested property interest arising out of a nondonative transfer. As a result, the Uniform Rule is inapplicable to the pre-emptive right provision. Nonetheless, the Indiana common law Rule Against Perpetuities, which was codified in 1945 at IND. CODE §§ 32–1–4–1 to 32–1–4–6 (1979), is applicable to the provision and requires that an estate vest within a life or lives in being and twenty-one years and nine months. *Hays v. Martz,* 173 Ind. 279, 283–84, 89 N.E. 303, 305 (1909). The Rule is not concerned with when an estate actually vests; rather, it is concerned solely with whether it might conceivably vest within the required time limits. *Reasoner v. Herman,* 191 Ind. 642, 655, 134 N.E. 276, 281 (1922).[1]

The Bucks concede that the language which extended the contract to all heirs, executors, administrators and assigns violated the common law Rule Against Perpetuities. However, they contend that the extending language did not apply to the contract's preemptive right provision and, thus, that provision vested within a life in being at the time of the contract's formation. In support of their contention, the Bucks argue that the parties intended the pre-emptive right to be personal to the seller. We disagree.

■ In interpreting a written contract, the court will attempt to determine the intent of the parties at the time the contract was made as disclosed by the language used to express their rights and duties. *First Federal Savings Bank of Indiana v. Key Markets,*

*Inc.,* 559 N.E.2d 600, 603 (Ind.1990). We endeavor to give words their plain and usual meaning unless, judging from the contract as a whole and the particular subject matter, it is clear some other meaning was intended. *Bratton v. Yerga,* 588 N.E.2d 550, 554 (Ind. Ct.App.1992). Particular words and phrases cannot be read alone; we must gather the parties' intentions from the contract considered as a whole. *Id.*

In the instant case, the final provision of the contract provides:

> It is mutually agreed by and between the parties hereto that the time of payment shall be of the essence of this contract and that *all of the covenants and agreements herein contained* shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

(emphasis added) R. at 51. Notwithstanding the Bucks' argument to the contrary, we find that this provision unambiguously provides that the extending language applies to the entire contract, including the pre-emptive right provision. The trial court did not err, therefore, in finding that the pre-emptive right to purchase the additional fourteen acres extended to the parties' heirs, executors, administrators and assigns and, in doing so, violated the Rule Against Perpetuities.

### III.  Reformation of the Purchase Agreement

■ Next, the Bucks contend that the trial court erred in refusing their request, pursuant to IND. CODE § 32–1–4.5–1(b),[2] to reform the pre-emptive provision of the contract so as to bring it within the Rule Against Perpetuities. However, the portion of the 1958 contract pertaining to the purchase of the 500 acres has been fully performed, leaving nothing to be reformed. *See Link v.*

---

1. This is contrary to Indiana's current "wait and see" rule, which declares valid nonvested interests that either are certain to vest within the required time limit or do vest within the required time limit. I.C. § 32–1–4.5–3.

2. I.C. § 32–1–4.5–1(b) provides that if a court determines a contract, which was created before May 8, 1991, violates the rule against perpetuities:

a court upon the petition of an interested person shall reform the disposition by inserting a savings clause that most closely preserves the transferor's plan of distribution and is within the limits of the rule against perpetuities applicable when the nonvested property interest or power of appointment was created.

*Breen,* 649 N.E.2d 126, 128 (Ind.Ct.App. 1995), *trans. denied* (doctrine of merger provides that all agreements leading to execution of deed are merged by acceptance of conveyance of deed). The remaining pre-emptive right provision survives the merger of the portion of the 1958 contract dealing with the purchase of the 500 acres provided the parties intended for it to survive. *See Stoneburner v. Fletcher,* 408 N.E.2d 545, 549 (Ind.Ct.App.1980). However, we need not determine the parties intent, because, as we have stated above, the Uniform Rule is inapplicable to the pre-emptive right provision of the 1958 contract. I.C. § 32–1–4.5–2(1). The trial court, therefore, did not err in refusing to permit the Bucks to reform the 1958 contract or its pre-emptive right provision. As a result, we affirm the trial court's grant of summary judgment to Allen and Banks. *See Havert v. Caldwell,* 452 N.E.2d 154, 157 (Ind.1983) (on appeal from summary judgment, we can sustain on any theory or basis found in record).

Judgment affirmed.

NAJAM and BARTEAU, JJ., concur.