FOR PUBLICATION

ATTORNEYS FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

MICHAEL K. AUSBROOK GARY J. CLENDENING

DONALD W. FRANCIS, JR. SUZANNAH BEX WILSON
 

Bloomington, Indiana Mallor Clendening Grodner & Bohrer

Bloomington, Indiana 

IN THE

COURT OF APPEALS OF INDIANA

DONALD W. FRANCIS, SR., )

)

Appellant-Defendant, )

)

vs. ) No.  53A01-9801-CV-31

)

HELEN CATHERINE YATES, )

)

Appellee-Plaintiff. )

APPEAL FROM THE MONROE CIRCUIT COURT

The Honorable Elizabeth N. Mann, Judge

Cause No.  53C04-9703-CP-265

October 21, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

In a dispute over the interpretation of a contract the trial court entered summary judgment in favor of property owner Appellee Helen Catherine Yates ("Yates").  Appellant Donald W. Francis, Sr., ("Francis") a potential buyer of the property, now appeals.  We address the following rephrased issue:  whether the right of first refusal contained in the contract violated the Rule against Perpetuities thus rendering the contract void.  We reverse. 

On January 28, 1988, Francis and Yates entered into a written agreement for the sale and purchase of certain real property.  The agreement, which was contained in a document entitled "Offer with Option to Purchase Real Property" provided in part that Francis would purchase three tracts of real estate identified as Tracts A, B, and C, located in Bloomington Township, Monroe County, Indiana.  The purchase price for the three tracts was $20,000.00, $20,000.00, and $25,000.00 respectively.  Under terms of the agreement Francis also had the option to purchase a fourth tract of real estate known as Tract D.  The purchase price for  Tract D was $134,900.00, "or as may be hereinafter agreed upon the exercise of the Option by Buyer for Tract D."  R. at 20.  The details of the option were contained in a section of the agreement entitled "Option with Right of First Refusal to Purchase Real Property Part of Offer and Option to Purchase Real Property" ("Option").  The Option was effective from January 28, 1988, at 12:00 o'clock midnight until January 31, 1989.  Also, the agreement contained a clause which provided "[t]his option and the contract resulting from the exercise thereof shall bind and inure to the benefit of the heirs, administrators, executors, successors, and assigns of the respective parties.  All rights of Purchaser hereunder may be assigned without restriction, but notice of each assignment shall be given in writing to Seller.”  R. at 28.  

Yates accepted the offer and Francis purchased Tracts A, B, and C in a timely fashion.  However when over nine years had passed and Francis had not exercised his option to purchase Tract D, Yates filed a Verified Complaint for Declaratory Judgment.  According to Yates, among other things, the right of first refusal granted to Francis violated the Rule Against Perpetuities.  Thereafter both parties filed motions for summary judgment.  After a hearing, the trial court granted Yates' motion.  This appeal followed.

In reviewing a trial court's ruling on a motion for summary judgment we apply the same standard as the trial court.  Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  
Ace Rent-A-Car, Inc. v. Indianapolis Airport Authority
, 612 N.E.2d 1104, 1106 (Ind. Ct. App. 1993), 
trans. denied
.  Although facts may not be in dispute, summary judgment is inappropriate if conflicting inferences arise from undisputed facts.  
Kutche Chevrolet v. Anderson Banking Co.
, 597 N.E.2d 1307, 1308 (Ind. Ct. App. 1992).  On appeal, the appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and the moving party was entitled to judgment as a matter of law.  
Etienne v. Caputi
, 679 N.E.2d 922, 924 (Ind. Ct. App. 1997).

Francis contends the trial court erred in finding that the contract violated the Rule Against Perpetuities.  The Rule has been described as "an ancient, but still vital, rule of property law intended to enhance marketability of property interests by limiting remoteness of vesting."  
Buck v. Banks
, 668 N.E.2d 1259, 1260 (Ind. Ct. App. 1996).  Indiana has adopted the common law rule which provides in part "an interest in property shall not be valid unless it must vest, if at all, not later than twenty-one (21) years after a life or lives in being at the creation of the interest."  Ind. Code § 32-1-4-1.
(footnote: 1)  In sum the rule requires that an estate vests within a life or lives in being and twenty-one years and nine months.  
Buck
 at 1261 
citing
 
Hays v. Martz
, 173 Ind. 279, 288-84, 89 N.E. 303, 305 (1909).

Francis concedes that the language which extended the contract to the heirs, administrators, executors, successors, and assigns violated the common law Rule Against Perpetuities.  That is so because Francis' preemptive right to purchase Tract D attempted a non-donative transfer of a non-vested property interest.  However, Francis contends that the extending language applied only to the Option portion of the contract and not the right of first refusal.  

Generally, construction of a written contract is a question of law for which summary judgment is particularly appropriate.  
Whiteco Industries, Inc. v. Nickolick
, 571 N.E.2d 1337, 1339 (Ind. Ct. App. 1991), 
trans. denied
.  When interpreting a written contract, the court will endeavor to ascertain the parties' intent by language used in the agreement to express their obligations.  
Buck v. Banks
, 668 N.E.2d at 1261.  If ambiguity does not exist, then the court will not look beyond the four corners of the document to determine the parties' intent.  
Peter C. Reilly Trust v. Anthony Wayne Oil Corp.
, 574 N.E.2d 318, 320 (Ind. Ct. App. 1991).  Words are given their plain and ordinary meaning.  
George Uzelac & Assoc. v. Guzik
, 663 N.E.2d 238, 240 (Ind. Ct. App. 1996), 
trans. denied
.  Specific words and phrases cannot be read exclusive of other contractual provisions.  
Buck
, 668 N.E.2d at 1261.  The parties' intentions must be determined from the contract read in its entirety.  
Id.
  We attempt to construe contractual provisions so as to harmonize the agreement.  
First Fed. Sav. Bank v. Key Markets, Inc.
, 559 N.E.2d 600, 603 (Ind. 1990).  If a contract is ambiguous solely because of language used in the contract and not because of extrinsic facts, then construction of the contract is purely a question of law to be determined by the trial court.  
Bicknell Minerals, Inc. v. Tilly
, 570 N.E.2d 1307, 1310 (Ind. Ct. App. 1991), 
trans. denied
.

 Yates cites 
Buck
 
supra
 as dispositive of the issue before us.  In that case Buck entered into a contract to purchase a 500 acre parcel of land from Lillian E. Allen.  Included in the contract was a provision giving Buck a right of first refusal to purchase an additional fourteen acres from Allen should she decide to sell that property.  Buck eventually purchased the 500 acres but several years later Allen entered an agreement with Banks for the sale of the remaining fourteen acres.  Prior to completion of the sale Allen died.  Learning of the impending sale Buck filed suit against Banks as well as Allen's estate.  In response the estate filed a motion for summary judgment contending the right of first refusal in the contract was void because it violated the Rule Against Perpetuities.  The trial court granted the motion and Buck appealed contending, as does Francis, that the provision extending the contract to all heirs, executors, administrators, and assigns did not apply to the right of first refusal.  We disagreed and affirmed the trial court's entry of summary judgment.  In so doing we relied upon the contract's final provision which provided: 

It is mutually agreed by and between the parties hereto that the time of payment shall be of the essence of this contract and that all of the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

Buck
, 668 N.E.2D at 1261.  We concluded that the provision "unambiguously provides that the extending language applies to the entire contract, including the preemptive right provision."  
Id.
  Here, however, the agreement between Yates and Francis contains no such unequivocal language.  Rather the applicable provision dictates:  "[t]his option and the contract resulting from the exercise thereof shall bind and inure to the benefit of the heirs, administrators, executors, successors, and assigns of the respective parties."  R. at 28.  From this language it is not apparent that the word "option" is intended to mean the Option section of the agreement or if the parties intended this language to apply to both the Option and right of first refusal.  

 The word "option" appears to be used in sections of the agreement to refer to the option standing alone.  For example, Section Two states that "[a]fter expiration date of option Buyer shall have the continuing right of first refusal to purchase the property[,]" and Section Four refers to "the option being exercised."  R. at 26-27.  Both of these clauses appear to make reference to the option as separate from the right of first refusal.  To construe these phrases within the context they are written as including both the option to purchase and the right of first refusal would render the contract ambiguous.  Yates counters that the introductory section of the Agreement provides "Seller hereby gives and grants to Buyer, his heirs and assigns, the exclusive option with right of first refusal to purchase the real estate of Seller . . . ."  R. at 26.  According to Yates, the specific terms which follow simply explain the introductory language, and the option and right of first refusal are part and parcel of the same agreement.  However we conclude that these are conflicting inferences arising from the use of the term "option."  The designated materials simply do not allow us to determine the meaning of "option" as used in the Agreement.  Essentially the intent of the parties here is unclear.  The contract is ambiguous and the ambiguity can only be resolved by facts extrinsic to the four corners of the document.  Accordingly, summary judgment is not appropriate.

Judgment reversed and cause remanded for further proceedings.

DARDEN, J., and GARRARD, J., concur.

FOOTNOTES
1:  Repealed by Pub. L. 149-1991, § 6 now see Ind. Code § 32-1-4.5-1 
et
 
seq
.