Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**MICHAEL A. WILKINS**
Indianapolis, Indiana

**GARY PRICE**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**BETHANY R. NINE-LAWSON**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SALLY APPLEGATE-RODEMAN and LESLIE M. RODEMAN, | ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 49A02-1312-PL-1044 |
| JDK, LLC d/b/a LIVRITE FITNESS, | ) ) | |
| Appellee-Defendant. | ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia Ayers, Judge
Cause No. 49D04-1001-PL-002739

**October 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Sally Applegate-Rodeman ("Applegate-Rodeman") and Leslie Rodeman (collectively "the Rodemans") appeal the trial court's summary judgment ruling in favor of Livrite Fitness Center ("Livrite") as to the Rodemans' claim for compensation for injuries Applegate-Rodeman suffered while exercising at Livrite's facility. On appeal, the Rodemans raise two issues, which we consolidate and restate as whether the trial court erred in granting summary judgment in favor of Livrite.

We affirm.

## Facts and Procedural History

The relevant facts were stated in part in the Rodemans' previous appeal as follows:

> On February 2, 2008, Applegate-Rodeman joined Northeast Fitness, subsequently renamed Livrite Fitness Center, and she signed the "Northeast Fitness Membership Agreement ("Membership Agreement"). Clause Two of the Membership Agreement provided that the membership was for twelve months, would expire on February 1, 2009, and would renew automatically on a month-to-month basis at the expiration of the initial term unless terminated or cancelled by either party as provided under the Membership Agreement. Next to Clause Two was a blank for initials, which Applegate-Rodeman did not initial. Clause Eight of the Membership Agreement contained a release of liability provision.[1]
>
> In January 2009, Applegate-Rodeman's health benefits provider, American Healthways Services, Inc. ("Healthways"), executed a separate agreement ("Healthways Agreement") with Livrite to provide services for its members. Applegate-Rodeman had never expressly renewed or cancelled her original Membership Agreement but enrolled in the Healthways

---

[1] It is well established in Indiana that "parties are permitted to agree in advance that one is under no obligation of care for the benefit of the other, and shall not be liable for the consequences of conduct which would otherwise be negligent." Marshall v. Blue Springs Corp., 641 N.E.2d 92, 95 (Ind. Ct. App. 1994). We have held that "it is not against public policy to enter into an agreement which exculpates one from the consequences of his own negligence." Id.

program, and Healthways paid Livrite directly for Applegate-Rodeman to use the facility.

In September 2009, Applegate-Rodeman was injured when she stepped on a moving treadmill at the Livrite Fitness Center. The Rodemans filed a complaint in January 2010 alleging that Livrite's conduct, in allowing the treadmill to continue running between users and in failing to inspect the premises, was negligent.

On October 29, 2012, the Rodemans filed a motion for partial summary judgment. Subsequently, Livrite and the Rodemans each filed motions to strike portions of the designated evidence. A hearing was held on these matters on August 31, 2011. On September 13 and 14, 2011, the Rodemans filed a motion for leave to amend complaint to add a new defendant. On September 26, 2011, the trial court granted summary judgment to Livrite, denied the Rodemans' motion for partial summary judgment, and denied both parties' motions to strike. Thereafter, on October 3, 2011, the trial court granted the Rodemans leave to amend complaint, and on October 5, 2011, the Rodemans filed an amended complaint to add defendant Threestrands by Grace, which is an entity that also runs Livrite Fitness.

Applegate-Rodeman v. JDK, LLC, No. 49A02-1110-PL-950 (Ind. Ct. App. Oct. 15, 2012).

The Rodemans appealed and, because the trial court's order did not indicate that the disposition was a final judgment or state a just reason for delay such that the Rodemans had a right to an immediate appeal, this court dismissed the appeal as premature on November 28, 2012. Id.

On March 26, 2013, Livrite filed a motion to enter final judgment with the trial court. The Rodemans objected to the motion. The trial court entered the order as final on November 19, 2013. The Rodemans now appeal. Additional facts will be provided as necessary.

3

**Discussion and Decision**

In reviewing a trial court's ruling on a motion for summary judgment, we apply the same standard as the trial court. Francis v. Yates, 700 N.E.2d 504, 506 (Ind. Ct. App. 1998). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. Although facts may not be in dispute, summary judgment is inappropriate if conflicting inferences arise from undisputed facts. Id. On appeal, the appellant bears the burden of proving that the trial court erred in determining that there are not genuine issues of material fact and the moving party was entitled to judgment as a matter of law. Id.

> When reviewing the trial court's interpretation of a contract, we view the contract in the same manner as the trial court. To determine the intent of the parties at the time the contract was made, we examine the language used to express their rights and duties. Words used in a contract are to be given their usual and common meaning unless it is clear from the contract and the subject matter thereof that another meaning was intended. Words, phrases, sentences, paragraphs, and sections of a contract cannot be read out of context. If possible, the entire contract must be read together and given meaning.

Avant v. Cmty. Hosp., 826 N.E.2d 7, 10 (Ind. Ct. App. 2005) (internal citations omitted).

The Rodemans argue that the trial court erred in concluding that the Membership Agreement between Livrite and Applegate-Rodeman, which contained a provision releasing Livrite from liability for injuries suffered by members while using the facility, was in effect at the time of Applegate-Rodeman's injury. They assert that "the plain language of the Membership Agreement indicates that the contract had terminated well before the time Sally was injured because she did not separately assent to the automatic renewal of the initial one-year agreement." Appellants' Br. at 4.

4

The clause at issue stated:

> 2. Initial Term: The initial term of this agreement shall be 12 / 24 / 36 months (circle applicable period and cross-off inapplicable periods.)  The initial term shall be automatically renewed on a month to month basis at the expiration of initial term unless terminated or cancelled by the Club or Member as provider under this Agreement. __ (initials)

Appellants' App. p. 163.  Applegate-Rodeman selected the twelve-month option for the initial term.  Neither of the Rodemans placed their initials on the line following the renewal clause.  The Rodemans argue that, because they did not place their initials next to the automatic renewal clause, the entire Membership Agreement, including the release of liability clause, expired on February 1, 2009, nearly eight months prior to Applegate-Rodeman's injury.  They contend that, even if the un-initialed automatic renewal clause led to an ambiguity in the agreement, "the trial court should have treated the ambiguity as a patent ambiguity, construing the renewal option clause against the drafter, [Livrite]."  Appellants' Br. at 4.

We disagree.  Under this unique set of facts and circumstances, we conclude that the Membership Agreement continued to have effect after the initial twelve-month term expired, in a manner similar to that of a holdover tenancy.

When a lessee of real property under a lease for a definite term holds over after the expiration of that term, the lessor has the option of treating the lessee as a tenant or a trespasser.  Mooney-Mueller-Ward, Inc. v. Woods (1978), 175 Ind. App. 302, 371 N.E.2d 400, 403.  In the absence of an agreement to the contrary, when a tenant holds over beyond the expiration of the lease and continues to make rental payments, and the lessor does not treat the tenant as a trespasser by evicting him, the parties are deemed to have

5

continued the tenancy under the terms of the expired lease.  Marshall v. Hatfield, 631 N.E.2d 490, 492 (Ind. Ct. App. 1994).

Here, Applegate-Rodeman admitted that she agreed to the terms set forth in the Membership Agreement.  She selected the twelve-month initial term option.  Neither Livrite nor Applegate-Rodeman cancelled or terminated the agreement after the initial term had expired.  Indeed, Applegate-Rodeman continued to use the facility regularly after the expiration of the initial term.  Applegate-Rodeman admitted that, on the day of the injury, she was still a member of Livrite since she had not cancelled or terminated her membership pursuant to the Membership Agreement.  Appellants' App. p. 145.  There is no language in the Agreement indicating that Applegate-Rodeman's initials are required to validate the initial term clause.  And Applegate-Rodeman did not testify that she did not intend to agree to the automatic renewal.  This evidence indicates that a valid contract between Applegate-Rodeman and Livrite existed at the time of Applegate-Rodeman's injury.  Therefore, Livrite and Applegate-Rodeman are deemed to have continued the Agreement under its original terms, including the release of liability clause, thereby barring Applegate-Rodeman's claim against Livrite.

Furthermore, the agreement between Livrite and Healthways ("the Healthways Agreement"), which lacks a release of liability clause, does not supersede or replace the Membership Agreement between Applegate-Rodeman and Livrite, as the Rodemans claim.  The Healthways Agreement contains terms and provisions providing for payment of health facility membership fees by Healthways for its covered persons.  The Healthways Agreement does not establish membership to Livrite for Applegate-

6

Rodeman, nor does it contain any language indicating that its purpose is to replace an existing membership agreement between a member and the facility. Instead, the Healthways Agreement states that covered persons "are entitled, at no charge, including those fees normally associated with initiation or monthly dues, to establish a basic fitness membership with unrestricted hours at the Facility[.]" Appellants' App. p. 166. The Healthways Agreement also provides that, if a member terminates her membership in Healthways, she, rather than Healthways, would be responsible for fulfilling the remaining terms of her membership with the facility. It is apparent, then, that the Healthways Agreement did not establish Applegate-Rodeman's membership at Livrite. Her membership was established by the Membership Agreement. Instead, the Healthways Agreement simply provided a means for Healthways to compensate Livrite for Applegate-Rodeman's membership.

Under these facts and circumstances, the trial court properly concluded as a matter of law that the release from liability provision in the Membership Agreement between Applegate-Rodeman and Livrite barred the Rodemans' claims against Livrite.

### Conclusion

For all of these reasons, we conclude that the trial court did not err in granting summary judgment in favor of the Appellees.

Affirmed.

RILEY, J., and CRONE, J., concur.

7